■ HUBERT G. LEISING et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 48059.) — Judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellants to abide the event. Memorandum: The subject property was appropriated in connection with the proposed State University of New York project in Amherst, New York. Claimants' appraisals were based on the assumption that the property would be rezoned from industrial to commercial use while the State's appraiser did not give any consideration to a rezoning. The court found there was no reasonable probability of such rezoning and rejected the claimants' appraisals and accepted that of the State. The State contends that any probability of rezoning should

not be considered since it would be a result of the university project. It appears, however, that there was a reasonable probability of rezoning without the influence of the State's project. The subject property was part of a larger parcel of land purchased by the claimants in 1948. Maple Road was extended through claimants' property in 1957 creating two corner parcels, and causing the subject property to lose the necessary depth for industrial development. The State's appraiser admitted that the industrial classification was designed for a time when there was a single piece of property without Maple Road running through it, and that industrial-type developments are not put on double frontage properties. Also, property directly across Maple Road was rezoned in 1968 for a gasoline filling station; there is a gasoline filling station adjoining that property on Maple Road; diagonally across Millersport Highway from the subject property there is a gasoline filling station, and adjoining the latter property on Millersport Highway another gasoline filling station. Consequently, the State's appraiser should have given consideration to the probability of rezoning. The claimants' appraisers, on the other hand, should have given consideration to the possibility that there would be no rezoning. Further, none of the appraisers made the necessary adjustments to their comparables. The claimants' appraisers did mention some factors which entered into their judgment but gave no dollars and cents adjustment or breakdown percentage-wise. The State's appraiser did make an adjustment for frontage on two roads and because of the value of the subject property to a corporation which was acquiring land in the area. However, he made no adjustments for time, location or size. Thus, in any event, the necessary basis for making a determination of the value of the property is not before us. (*Geffen Motors* v. *State of New York*, 33 A D 2d 980.) (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.