■ DOANE C. COMSTOCK, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 49061, 49062.) — Cross appeals from a judgment entered upon a decision of the Court of Claims. The State appeals, and claimant cross-appeals, from a judgment of the Court of Claims awarding $79,150 for the appropriation, on June 21, 1967, of certain lands for the construction of Interstate 84, a limited access highway. The taking was of 52.77 acres in Putnam County from a parcel of 416 acres of vacant, undeveloped land formerly used for farming and which was zoned for residential use. The principal issue to be decided arises from the proof offered to demonstrate the imminence of a change in zoning restrictions to permit the utilization of the property for commercial or industrial purposes. If a reasonable probability of such a change exists, this becomes a relevant factor in the determination of the value of the subject property (*Masten* v. *State of New York*, 11 A D 2d 370, affd. 9 N Y 2d 796; *Valley Stream Lawns* v. *State of New York*, 9 A D 2d 149), provided such rezoning be reasonably probable and based on sufficient evidence, not mere speculation by the claimant (*Matter of City of New York* [*Shorefront High School — Rudnick*], 25 N Y 2d 146, mot. to amd. remittitur granted 26 N Y 2d 748). Claimant's proof was not sufficient to support his contention that there was a reasonable probability that the subject property would be rezoned to permit its use for commercial or industrial purposes. Prior to appropriation, the subject

property was zoned for residential use. In April of 1967 a new zoning ordinance for the Town of Southeast was proposed and, under this proposed ordinance, the premises in question were zoned entirely for residential use. The taking occurred on June 21, 1967. Claimant's contention is that a hearing on the proposed ordinance, held on May 29, 1967, prior to the taking, and a number of other hearings held subsequent to the taking and up until adoption of a new zoning ordinance in April of 1968, which ordinance zoned a portion of the subject property for industrial use, indicate that the reason for the delay in adoption of the ordinance was due to a desire to increase the amount of industrial zoning in the town. A perusal of the minutes of said hearings, submitted into evidence by the claimant, demonstrates that there were many different reasons for the delay in adoption of a new zoning ordinance, most reflecting the individual interests of the various landowners affected by the proposed ordinance. Indeed, it was not until July 31, 1967, more than one month after the appropriation, that claimant requested that some of his land be zoned industrial, and he coupled this request with one as to the zoning of the remaining residential area of his property. The only other proof of such reasonable probability offered by the claimant was the testimony of his appraiser, who testified that there was a reasonable probability of rezoning for the entire Town of Southeast, with a much greater portion of the town to be zoned for industrial and commercial use, basing his opinion on "inspection of certain town records and * * * specific conversations". This subjective and indefinite testimony likewise falls short of showing "a condition and continuing trend that rendered early rezoning very nearly inevitable" (*Masten* v. *State of New York*, 11 A D 2d 370, 372). In his cross appeal claimant argues that the Court of Claims should have accepted his market values for those parcels with a probability of rezoning, there being no other evidence as to the value of these parcels. In view of our holding above, we need not consider this argument. The Court of Claims valued that 60-acre portion of the subject property in the Town of Southeast which it found to be zoned residential and without a probability of rezoning at $825 per acre. The court further valued that 248-acre portion of the subject property in the Town of Southeast which it found to be zoned residential and with a probability of rezoning at $1,800 per acre, allowing an increment of $975 per acre for the probability of rezoning. Having determined that the finding of a probability of rezoning was erroneous, we find that the increment was unwarranted. The 42.77-acre parcel in the Town of Southeast, part of which was valued at $1,800 per acre, should therefore be valued in its entirety at $825 per acre. The resulting damages for this taking are $39,285.25. We sustain the court's other determinations as follows: 10 acres in the Town of Patterson valued at $725 per acre, for damages of $7,250; a further unrelated taking of 7 acres valued at $50 per acre, for damages of $350; and consequential damages of $5,425. The award should therefore be modified to $52,310.25. Judgment modified, on the law and the facts, by reducing the amount of damages awarded to $52,310.25, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke and Reynolds, JJ., concur; Greenblott, J., concurs in the result in the following memorandum in which Herlihy, P. J., concurs: The majority has determined that "Claimant's proof was not sufficient to support his contention that there was a reasonable probability that the subject property would be rezoned to permit its use for commercial or industrial purposes". Although this might well be true, the real issue presented is whether the alleged imminent change in zoning was made to take advantage of the proposed Interstate 84, the highway for

which the property was appropriated. In my opinion, the evidence presented to support a probability of rezoning established that such rezoning was to take advantage of the construction of said highway. An increment, based on rezoning for such a purpose, would be erroneous.