(May 25, 1972)

■ George Myers, Respondent, v. State of New York, Appellant. (Claim No. 51388.) — Appeal from a judgment in favor of claimant, entered March 24, 1971 upon a decision of the Court of Claims, awarding claimant $28,325 as damages for the highway construction appropriation on March 6, 1968 of 6.994 acres of land in the "Pine Bush" area of the City of Albany. The acreage taken was from a parcel of approximately 27 acres of vacant, undeveloped land, zoned for residential use. The principal issue involves the proof offered to demonstrate the imminence of a change in zoning restrictions to permit the utilization of the property for commercial purposes. If a reasonable probability of such change exists, this becomes a relevant factor in the determination of the value of the subject property (Masten v. State of New York, 11 A D 2d 370, affd. 9 N Y 2d 796; Valley Stream Lawns v. State of New York, 9 A D 2d 149), provided such probability is based on sufficient evidence and not mere speculation (Matter of City of New York [Shorefront High School — Rudnick], 25 N Y 2d 146, mot. to amd. remittitur granted 26 N Y 2d 748). Claimant's proof was not sufficient for such purpose. Prior to appropriation, the subject property was zoned for residential use. On May 1, 1968 a new zoning plan adopted for the area still zoned the premises for residential use. As evidence that a reasonable probability of rezoning was imminent, claimant offered the speculative testimony of his appraiser that a newly developing area would require commercial services and "to me, the best location in the Pine Bush area for such use, commercial use, would be along Washington Avenue and Karner Road", the construction of Washington Avenue being the purpose for the taking. The appraiser based his opinion on the fact that there had been zoning changes in another area of the City of Albany. The only other proof of such reasonable probability, a land use plan for the Pine Bush area, issued by the City of Albany Planning Staff one month after the taking and one month before the May, 1968 zoning plan, which did not change the zoning from residential, and three zoning changes in the Pine Bush area from 1968 to 1971 are likewise insufficient to show a reasonable probability of rezoning at the time of the

taking. Claimant's proof falls short of showing "a condition and continuing trend that rendered early rezoning very nearly inevitable" (*Masten* v. *State of New York*, 11 A D 2d 370, 372). The award is not supported by sufficient legally acceptable evidence of value. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.