860

## (April 18, 1973)

■ In the Matter of the Designation of HONORABLE ELLIS J. STALEY, JR., Associate Justice, Supreme Court Appellate Division, Third Judicial Department, as a Member of the Court on the Judiciary, Pursuant to Section 22, Article VI of the Constitution of the State of New York.— Honorable Stanley H. Fuld, Chief Judge of the Court of Appeals, having convened a Court on the Judiciary, a majority of the Justices of the Appellate Division Third Department designate Honorable Ellis J. Staley, Jr., Associate Justice, as a member thereof. Herlihy, P. J., Staley, Jr., Greenblott, Cooke, Sweeney, Kane, Main and Reynolds, JJ., concur.

## (April 19, 1973)

■ VIOLA B. BABCOCK et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 41297.) — Appeal from a judgment, entered March 25, 1968, upon a decision of the Court of Claims. The appropriation herein involves a fee taking in 1960 of 7.916 acres and a temporary easement of 8.255 acres in the City of Kingston, New York. Prior to January, 1960, access to the property was by means of a dirt road about 20 feet wide which crossed lands of others. In the month of January, 1960, claimants obtained agreements with two of the adjoining land owners establishing a 50-foot wide access route across their properties. In a prior appeal, we determined that such agreements, although labeled easements, created no more than a mere license, since they could be canceled on notice at any time between the months of November and April of each year (*Babcock* v. *State of New York*, 27 A D 2d 880). It was also determined in that case that the record did not support claimants' contention of having obtained an easement by prescription, and the present record likewise does not support that contention. While the use of the road by claimants and their predecessors in interest and the general public may have been open, notorious, and uninterrupted for many years, there is no evidence that such use was inconsistent with the rights of the owners. It thus appears that claimants' use of the road was by permission, express or implied, and without title in law or equity (*Pirman* v. *Confer*, 273 N. Y. 357). The Court of Claims determined the highest and best use of the premises before and after the appropriation was for agricultural purposes, thus rejecting claimants' assertion that the highest and best use was for industrial purposes. The record supports this finding. An industrial use would be inconsistent with the zoning of the land. Claimants' appraisal, based upon such use, was also properly rejected since such valuation would be purely speculative in the absence of any evidence that a request for a change in zoning to permit such use would have been favorably received. In arriving at its award, the court adopted the value found by the State's appraiser of $290 per acre. Claimants now contend that the State's appraisal has no probative value and should have been rejected in that the appraiser testified that he considered access to this property as nonexistent, and that he should have valued the property with limited access. This contention is without merit. The record establishes that the appraiser was aware of the limitations on access, and tesified that his valuation would have been 10% higher if a permanent access were available. The State's appraiser was aware of the quality of the access and determined the value of the land giving due consideration to the infirmities of the access. The judgment of the Court of Claims should, therefore, be affirmed. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.