■ TALBERT NORRIS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 52455.) — Judgment unanimously affirmed with costs. Memorandum: The trial court awarded the amount of $25,000 for 0.793 acres of unimproved land in the Town of Clay zoned agricultural-residential. Claimants' appraiser testified that there existed a reasonable probability that a zoning change could be obtained so as to permit a gas station to be constructed on the property. It is settled that when the proof establishes as it did here the reasonable probability that zoning might be changed, such a probability becomes a factor in the determination of the value of the property (*Masten* v. *State of New York,* 11 A D 2d 370, affd. 9 N Y 2d 796). We note, however, that although the trial court expressly took such a probability into account it erred in not setting forth in its decision any explanation of how it arrived at the dollar value of claimants' property. The proper method of valuation in this instance would have been for the trial court to have found a value for the subject parcel as zoned and then to have added an increment ascribed to the reasonable probability of a zoning change (*Glennon* v. *State of New York,* 40 A D 2d 1072; *Waldenmaier* v. *State of New York,* 33 A D 2d 75). We conclude, however, that the court's valuation is adequately supported by the record. Claimants' comparables reflected the value of residential land enhanced by the possibility of a zoning change and were properly discounted by reason of the fact that rezoning had not as yet taken place (see, *Yochmowitz* v. *State of New York,* 25 A D 2d 930, mot. for lv. to app. den. 18 N Y 2d 579). (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.

■ In the Matter of the Application of ROBERT J. TRONOLONE.— Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law.