■ REBRUG CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 49922.)— Appeal from a judgment entered October 6, 1971 upon a decision of the Court of Claims. On March 20, 1968, the State appropriated claimant's entire property consisting of 26.898 acres of undeveloped land adjacent to the State University at Stony Brook in the Town of Brookhaven, Suffolk County, New York. Claimant had purchased the parcel on February 2, 1967 for the sum of $222,700, at which time the property was located in a single-family residential zoning classification (B-1), as was all the property that immediately surrounded it. Claimant contends that the property was purchased for the purpose of developing garden-style apartments, and shortly after the purchase, claimant filed an application with the Town of Brookhaven

to rezone the parcel to MF-2 which would permit construction of garden apartments. The application was referred to the Town Planning Board for review, but no public hearing was ever held, and the Town Clerk wrote claimant on October 17, 1967 stating that no hearing was necessary because the State was going to appropriate the property. There was no proof that the State opposed the rezoning and, in fact, claimant itself requested that the petition for rezoning be held in abeyance. Claimant's appraiser presented two valuations for the property, one based on a highest and best use for single-family residences and resulting in a valuation of $234,013 or $8,760 per acre. This valuation was reached by adjusting acreage prices on two comparable sales, one being a prior sale of the subject parcel. The other valuation was for the proposed garden apartment development, and a unit system of valuation he estimated 370 proposed units and placed an adjusted valuation in the sum of $740,000. The State's appraiser applied a highest and best use for family residential purposes under the B-1 zoning, and he reached a valuation of $7,900 per acre. The trial court held that claimant had failed to meet its burden of showing that a reasonable probability existed for a zoning change, and that the highest and best use was for single-family residences. The court awarded the sum of $234,013 based on a fair market value of $8,700 per acre. The main issue is whether the claimant proved that there was a reasonable probability that the existing one-family residential zoning would be changed to multi-family residential zoning in the near future after the appropriation. The burden of proof of the reasonable probability of a change in zoning is on the landowner, and the existence of such a reasonable probability is a question of fact. "If a reasonable probability of a [zoning] change exists, this becomes a relevant factor in the determination of the value of the subject property (*Masten* v. *State of New York,* 11 A D 2d 370, affd. 9 N Y 2d 796; *Valley Stream Lawns* v. *State of New York,* 9 A D 2d 149), provided such rezoning be reasonably probable and based on sufficient evidence, not mere speculation by the claimant (*Matter of City of New York* [*Shorefront High School-Rudnick*], 25 N Y 2d 146, mot. to amd. remittitur granted 26 N Y 2d 748)." (*Comstock* v. *State of New York,* 39 A D 2d 790.) Claimant's appraiser testified regarding a number of factors which indicated to him that the property was ready for a zoning change. Such factors included the rapid growth of the State University and the proposed construction of a Veterans' Administration Hospital and University Hospital near the property; the shortage of rental leasing in the area; and that the Master Plan of the Town of Brookhaven enumerated a policy of encouraging the building of multi-family housing units in areas such as the subject property. The State contends that a zoning change was not likely nor reasonably probable because the subject property was almost entirely enveloped by residential B-1 properties; the need for multi-family housing was being fulfilled in more ideally suited areas of Stonybrook and Setauket; and many prior attempts to modify applicable zoning from B-1 to MF-2 had either been denied by the Town Board or withdrawn by the applicants. The record discloses that both claimant and its predecessor in title had applied for a change in the zoning. The initial application dated September 7, 1966 was withdrawn on December 8, 1966. As has been noted, claimant's application never matured and was held in abeyance at claimant's request. As the trial court stated, "if a favorable climate of zoning change was extant, the proceedings would have been pursued to a final administrative disposition." We agree with the trial court's conclusion that claimant's proof was not sufficient to support its contention that there was reasonable probability that the subject property would be rezoned to permit its use for multi-family residences.

(*Ehlers* v. *State of New York*, 40 A D 2d 1067; *Skodnek Ind.* v. *State of New York*, 21 A D 2d 733.) Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.