■ RIDGEFIELD REALTY CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 50094.) — Appeal from a judgment in favor of claimant, entered July 28, 1972, upon a decision of the Court of Claims. On December 1, 1966 the State appropriated a corner lot on Route 211 and Mechanicstown Road in the Town of Wallkill, consisting of 24,166 sq. ft. improved with a frame house in fair condition. The taking, a total one, was for the purpose of widening Route 211. Four and one half months prior to the appropriation, claimant purchased the subject property for $30,000. Claimant's appraiser testified that the highest and best use was as a site for a gasoline service station although the zoning law prohibited such a use. He valued the property in the sum of $170,000. The trial court rejected claimant's highest and best use on the ground that the claimant had not shown a reasonable probability that there would be a change in zoning so as to permit the property to be used as a gasoline service station and rendered judgment for $30,000. The burden of proving the existence of a reasonable probability of a zoning change *at the time* of taking is on the claimant (*Comstock* v. *State of New York,* 39 A D 2d 790; *Masten* v. *State of New York,* 11 A D 2d 370, affd. 9 N Y 2d 796). Although claimant did introduce evidence of two permits being granted for gasoline stations, they were granted two years after the taking. Other proof offered by claimant on this point related to a nearby regional shopping center which later became a reality but at the time of the taking was only in the planning stages. Claimant's reliance upon developments occurring after the appropriation constituted a failure of claimant to prove the reasonable probability of a zoning change. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.