## THIRD DEPARTMENT, APRIL, 1974

### (April 11, 1974)

 J. PETER GRACE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 49868.) (Action No. 1.) J. PETER GRACE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 49869.) (Action No. 2.) — Appeal from a judgment, entered May 18, 1972, upon a decision of the Court of Claims, which awarded claimants $176,237, plus interest, for the appropriation of their respective interests in an aggregate of 11.262 acres of real property on January 23, 1967 and in 4.379 acres on February 21, 1968.* Involved here are several noncontiguous parcels in the Village of North Hills, Town of North Hempstead, Nassau County. The basic valuations ascribed to them by appraisers for the claimants and the State were not greatly different and the only substantial issue presented on appeal is whether claimants were entitled to an increment beyond the base values for a reasonable probability of rezoning at the times of taking from residential to commercial. The entire Village of North Hills, with a population of 350 and consisting primarily of estates and golf courses, was zoned for residential use with a minimum plot area of two acres, as it had been since 1933. Prior to 1967 the only change in the zoning classification was in regard to a new residential district created to provide parking for a store located outside the village boundaries. Only one other application for a change in zoning was made in said period and this was denied. On September 13, 1966 the village board authorized the Mayor to have a comprehensive study made in connection with zoning in the village and two years later authorized a contract with a concern for the preparation of a master plan for the village. On September 15, 1970, a zoning ordinance was adopted for the Village of North Hills under which remainders of the subject properties were within the boundaries of a commercial zone area. The properties taken were located in the southerly section of North Hills, which section was adjacent on the southeast to an unincorporated area in the Town of North Hempstead which was "developed at 8,500 square feet, Residential." To the southwest, the land development in the Village of Lake Success had been commercial and industrial. To the east and northwest were golf courses. Claimants' property was bisected by two major highways with heavy traffic counts, the New Hyde Park Road consisting of four lanes and running north and south and the Northern State Parkway consisting of four lanes at the time of vesting and running east

---

* The two claims which resulted in said judgment were tried together by consent with a claim asserted by Michael P. Grace, II, the owner of an interest in some of the same parcels, who did not appeal from the judgment regarding his claim.

and west. The Long Island Expressway, a six lane east-west artery with two service roads, is approximately a quarter of a mile to the north. John Burdis, appointed by the Nassau Planning Commission on February 1, 1967 as Professional Director of the planning staff, testified in substance that in all submissions proposed for rezoning of the area, the remainder of claimants' property was to be zoned commercial. The burden of proving the existence of a reasonable probability of a zoning change at the time of taking is on the claimant (*Ridgefield Realty Corp.* v. *State of New York*, 42 A D 2d 807) and the Court of Claims had a right to find on the record that said burden had not been met and to decide as a question of fact (4 Nichols, Eminent Domain [3d ed.], § 12.322, p. 12-414) that there was not a reasonable prob- ability of a zoning change from residential to commercial in the Village of North Hills at the times of the appropriations. The character of the neigh- borhood was primarily residential, a total of one variance was granted before and after appropriation and, although there was traffic data, there was no showing that the flow was becoming increasingly heavy (see *Masten* v. *State of New York*, 11 A D 2d 370, 371-372, affd. 9 N Y 2d 796). There is no ques- tion but that subsequent rezoning may be considered (cf. *Masten* v. *State of New York*, *supra*, p. 372), but, here, the rezoning did not take place until more than three years after the original appropriation with no variance in the intervening period. Judgment affirmed, without costs. Herlihy, P. J., Green- blott, Cooke, Kane and Main, JJ., concur.

