■ EBBA C. LEM, as Administratrix of the Estate of HANS LEM, JR., Deceased, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 53269.) — Appeal from a judgment, entered January 2, 1974, upon a decision of the Court of Claims which awarded damages of $35,429 to claimants for the total appropriation of an improved parcel of land in the Town of Smithtown, Suffolk County. Claimants contend that the trial court erred in finding that the highest and best use of the property was for the zoned use of single-family residential. Their appraiser considered that, as of the vesting date, there was a reasonable probability that a change of zoning could be obtained for office building use, and valued the property on that basis. The State's appraiser utilized a highest and best use of residential, in accordance with existing zoning, finding that there did not exist a reasonable probability of rezoning. The trial court concluded that claimants had not proved that such probability existed and awarded an amount based on the State's appraisal on the ground that there was no range of values applying to the same highest and best use. The question of whether there exists a reasonable probability of a change in the existing zoning restrictions is factual and its resolution a function of the trial court. The burden of proving such existence is on the claimant. (*Ridgefield Realty Corp.* v. *State of New York,* 42 A D 2d 807.) Although the present record

contains proof that the property was located at the intersection of a heavily traveled highway (Hauppauge-Port Jefferson Highway) and a local road (Brooksite Drive) with a variety of commercial uses developing in the neighboring area, we cannot say on this record that claimant established the reasonable probability that a zoning change would have been granted. While the area along the southerly boundary of the Hauppauge highway was zoned neighborhood business, property north of that highway and to the west of claimants' property was residentially zoned. Claimants' dwelling faced Brooksite Drive and was screened from the Hauppauge highway by a growth of trees. Contiguous to the property on the north and east was a residential property for which an application for a zoning change had been denied on the ground that it would not be in accord with the "Development Plan" to further extend business zoning westerly from its present terminus. Moreover, 8 out of 11 applications for rezoning in the same general area submitted to the appropriate town board over a six-year period up to the year after title to the subject property vested in the State had been denied. In our opinion, this evidence falls short of meeting the requirements of the *Masten* rule (*Masten* v. *State of New York*, 11 A D 2d 370, affd. 9 N Y 2d 796) and the deficiency is not corrected by the gratuitous remark by the court that "any reasonable Town Board would have granted an application for a zoning change." The trial court was justified in concluding that there was no reasonable probability of the property being rezoned. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.