■ WILLIAM E. MALONEY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 52244.)—Appeal from a judgment in favor of claimants, entered August 14, 1973, upon a decision of the Court of Claims. Claimants were owners of an 8.7-acre parcel of vacant land located in the City of Albany purchased by them in 1958 for $17,000 and appropriated *in toto* by the State on October 7, 1969. At the time of the taking the land was zoned R-1. Claimants' witnesses testified that a rezoning was likely and thus

the highest and best use was as commercial property under a zoning of C-0. The State's appraiser testified that the land in question was not suited for heavy construction because it was covered by a subsoil strata of black organic silt or peat one and one-half feet to three feet deep and, because it would thus be difficult and costly to utilize the area for multiple housing or commercial property, the highest and best use of the land was as zone R-1. In addition, he testified that the subsoil conditions would have a marked adverse economic effect on the value of the property. In a detailed opinion, the trial court found that there was no reasonable probability of rezoning and that the highest and best use of the property would be as zone R-1. The court rejected the valuations of claimants' appraisers since they were dependent upon other sales which were insufficiently comparable, but also found the State's appraisal of $70,000 to be in error because no time span adjustment was made from the comparable sale submitted. The apparent error was corrected by the court by adopting the claimants' appraiser's time span differential which resulted in a determination of $91,000 as the market value of the property. The main issue on this appeal is whether the claimants proved that there was a reasonable probability that the existing residential zoning would be changed to multi-family or commercial in the near future after the appropriation. The burden of proof of the reasonable probability of a change in zoning is on the land owner and the existence of such a reasonable probability is a question of fact. If a reasonable probability of a change exists, this becomes a relevant factor in the determination of the value of the subject property, provided such rezoning be based on sufficient evidence, not mere speculation by the claimant (Rebrug Corp. v State of New York, 42 AD2d 801; Ridgefield Realty Corp. v State of New York, 42 AD2d 807). In urging a reversal, claimants place great emphasis on the testimony of the planning director of the City of Albany, who testified in substance that if the claimants' plans met certain conditions he would recommend the zoning change and that his recommendations were usually accepted by the governing body of Albany. The general rule in this regard is that "proving the existence of a reasonable probability by means of expert opinion is not permissible, since this involves prognostication of future legislative action" (4 Nichols, Eminent Domain [3d ed], § 12.322, subd [2], p 12-415). However, even considering this opinion, there was further testimony that two and one-half years prior to the taking, the city was revising its zoning ordinance and had proposed to rezone the instant property C-0. Public hearings were held and there was strong opposition to such a change. The city retained the R-1 zoning for the subject property. Claimants' witness was familiar with the prior proceeding, but stated he thought he could have worked something out that would "appease the neighborhood". We agree with the trial court's factual conclusion that claimants' proof was not sufficient to support the contention that there was reasonable probability that the subject property would be rezoned to permit its use for multi-family or commercial properties (Comstock v State of New York, 39 AD2d 790, affd. 34 NY2d 714) and, thus, the court's determination should not be disturbed. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.