BERNARD M. DI MATTEO et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 54277.)

Third Department, November 13, 1975

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*Nathaniel Rubin* for respondents.

SWEENEY, J. This is an appeal from a judgment, entered May 10, 1974, upon a decision of the Court of Claims which awarded damages of $30,900 to claimants for the appropriation of 1.69 acres of land in the Town of East Fishkill, Dutchess County.

Before the taking, claimants' property consisted of a 3.28-acre parcel, triangular in shape, irregular in elevation and bounded on the north by New York State Route 52, on the

west by a town road and on the south by another town road. At the time of the taking, it was zoned residential. A seasonal residence with appurtenant yard improvements was located on the land, but not included in the 1.69 acres appropriated by the State. To the west of the property and across the town road was situated an IBM plant of several hundred acres, zoned light industrial. On the other sides of claimants' property the contiguous land was zoned residential.

The sole issue on this appeal is whether there was sufficient proof to support the Trial Judge's finding of a reasonable probability of a change in zoning from residential to business at the time of the taking. The burden of proving the existence of such probability of rezoning is on the claimant. (*Masten v State of New York,* 11 AD2d 370, affd 9 NY2d 796.) To substantiate their claim that the property had a highest and best use for business development and there existed a reasonable probability that it would be rezoned to permit such use, claimants produced several witnesses. A professional planning consultant from Long Island testified that there was a reasonable probability of rezoning, basing his opinion on the number of prior zoning changes in the town, with no denials of changes from residential to business, population growth in the town, traffic increase on State Route 52, the evolution along the two major roads in the town from residential to business and the location of the IBM facility affecting the desirability of claimants' property for business use. Claimants' appraiser reached the same conclusion that there was an imminent change in zoning. Claimants' last witness, the chairman of the planning board of the town, testified that he would have looked favorably upon a zoning change for the subject property at the time of the taking only if a larger area than the parcel's 3.28 acres were rezoned.

The State's appraiser, on the other hand, testified there was no probability of rezoning because of the attitude of the town officers. This testimony was buttressed by that of the town planning board consultant who testified he could not recommend a zoning change. The record further reveals that all of those properties for which zoning changes from residential to business had been granted were contiguous to or immediately across the road from existing business zones and were but extensions of such pre-existing use. It also reveals that there was no commercial development in the immediate vicinity of the subject property.

On this record, we conclude that claimants' proof falls short of establishing the reasonable probability that a zoning change would have been granted at the time of the taking. *(Myers v State of New York,* 39 AD2d 806.) The Trial Judge valued the property before the appropriation, zoned as residential, at $21,000, $11,500 representing land value and $9,500, the value of the improvements. To this, the court added an increment for the probability of rezoning of $24,900. The court further found that after the appropriation the value of the remaining property, as residential, was $15,000, comprised of $5,600 for land value and $9,400 for the improvements. The damages for the taking should be reduced, therefore, to $6,000, $5,900 as direct and $100 as consequential.

The judgment should be modified, on the law and the facts, by reducing the amount of damages awarded to $6,000, with interest, and, as so modified, affirmed, without costs.

KANE, J. (dissenting). We would affirm for the reasons set forth in the clear and comprehensive decision of the Trial Judge. This court should be slow to substitute its judgment for that of the Trial Judge who had the opportunity to view the premises and observe the attitude and demeanor of the expert witnesses who testified as to the reasonable probability of rezoning. In evaluating their testimony as it appears in this record, it seems clear to us that the findings made were based upon evidence of a high enough quality to sustain a finding of the reasonable probability of rezoning *(Metzner v State of New York,* 43 AD2d 774; *Masten v State of New York,* 11 AD2d 370, affd 9 NY2d 796).

HERLIHY, P. J., and REYNOLDS, J., concur with SWEENEY, J.; GREENBLOTT and KANE, JJ., dissent and vote to affirm in an opinion by KANE, J.

Judgment modified, on the law and the facts, by reducing the amount of damages awarded to $6,000, with interest, and, as so modified, affirmed, without costs.