■ JAMES O. SPRIGGS, as Executor of CLARENCE Z. SPRIGGS, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54412.)—Judgment unanimously affirmed, with costs. Memorandum: In 1969 the State appropriated claimant's rectangularly shaped, unimproved parcel of land in the Town of Camillus, consisting of 5.467 acres. To the north, claimant's land borders a "paper street", for a distance of 1,818.04 feet; its depth is 132 feet and its southern boundary is contiguous to a railroad track which is elevated nearly six feet on an embankment. Immediately south of the embankment lies Milton Avenue, a major east-west thoroughfare. At the time of the appropriation, the subject property was zoned for single-family homes. The Court of Claims awarded claimant $60,000 after concluding that the highest and best use of the property was for multiple-apartment development. This determination rests upon a finding that there was a reasonable probability that an application for rezoning, to accommodate the projected use, would have been granted at the time of the appropriation. The primary issue presented by the State in this appeal is whether that finding is supported by the preponderance of the credible evidence (see *Mochen v State of New York,* 43 AD2d 484, 489, citing *McCauley v State of New York,* 8 NY2d 938). Initially, however, the State suggests that in order to show a reasonable probability of rezoning, the zoning change must have been imminent or inevitable. We have not required such evidence (see *Norris v State of New York,* 42 AD2d 839; *Knight v State of New York,* 36 AD2d 574). Nor do we view *Masten v State of New York* (11 AD2d 370, affd 9 NY2d 796) as intending to declare such a standard. In determining whether a reasonable probability of rezoning exists, the various factors present in each case should be weighed *(Norris v State of New York, supra)* in order to ascertain whether "a request for a change in zoning * * * would have been favorably received" *(Babcock v State of New York,* 41 AD2d 860) or whether there were "good prospects" of rezoning *(Knight v State of New York, supra).* Here, claimant's land, contrary to its zoning classification, does not

appear suitable for single-family dwellings because of its proximity to the railroad line, which would present a hazard for children, and its location at the rear portion of a subdivision consisting of inexpensive, poorly maintained homes. Since such factors would undoubtedly make it difficult to find a buyer who would use the property as it is zoned, they are supportive of claimant's position (see *Matter of Hewlett Bay Park,* 56 Misc 2d 1085; see, also, *Leising v State of New York,* 34 AD2d 1089). Additionally, the size, terrain, soil, location and the availability of utility services are particularly adapted to the proposed use (see *Brubaker v State of New York,* 17 AD2d 519; *Matter of Incorporated Vil. of Garden City,* 9 Misc 2d 693, affd 4 AD2d 783). The State's contention that sewer facilities are not available is contrary to the appraisal reports offered by it and claimant. A reasonable probability of rezoning is indicated where land contiguous to or near the subject property has been zoned for and used in accord with the proposed use *(Knight v State of New York, supra; Masten v State of New York, supra).* Although the Westover subdivision north of claimant's land is zoned almost exclusively single-family residential, there are four large apartment complexes immediately south of the subject, across Milton Avenue, situated on large tracts of appropriately zoned land, and set within a single-family residential area. The land to the west is zoned both for commercial and multiple-family purposes. The pattern of rezoning also weighs in favor of claimant's position. When a large number of variances, not remote in time *(Grace v State of New York,* 44 AD2d 729) or distance *(Myers v State of New York,* 39 AD2d 806), have been granted for comparable properties before and after the appropriation, there is a likelihood that similar action would have been accorded claimant's land (see *Masten v State of New York, supra).* The history of rezoning in the Town of Camillus shows that from 1962 to 1968 12 requests were made and 3 were denied. Two of those denied involved property more than three miles away from claimant's land. The other, in 1963, involved property which was located within the Westover subdivision but did not seek to construct a multiple-unit complex similar to the 68-unit development envisioned by claimant's appraiser. It is significant that every application for a zoning change to develop a large multiple-apartment complex in the immediate vicinity of the subject was granted. The State notes that if an apartment complex was constructed on claimant's land, its traffic would be relegated to secondary streets, since the embankment prevents direct access to Milton Avenue. However, significant access to other much larger apartment complexes in the area is through local streets as well as main highways. The degree of traffic congestion on secondary streets created by claimant's project would be comparable to that caused by those complexes, notwithstanding their direct access to major roadways. While the impact of rezoning on the flow and movement of traffic is a factor meriting consideration, it is not determinative in these circumstances, particularly since it has not prevented the successful pursuit of other rezoning applications. Accordingly, there was adequate support for the trial court's finding that a reasonable probability of rezoning existed at the time of the appropriation. (Appeal from judgment of the Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.