■ JOSEPH P. JANKIEWICZ, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 55205.)—Judgment unanimously affirmed, with costs. Memorandum: The State appeals from a judgment of the Court of Claims which, *inter alia,* determined that the highest and best use of a 16.887-acre portion of claimant's appropriated property was potentially commercial with an existing reasonable probability of rezoning and, further, directed reopening of the trial for the limited purpose of adducing valuation evidence addressed to such determined highest and best use. The subject premises was on the date of the appropriation zoned for agricultural use. Upon the trial evidence and testimony bearing upon the existence of a probability of rezoning to commercial use for the purpose of enhanced valuation of the subject was adduced by the claimant with refutory presentation submitted on behalf of the State. The trial court, in concluding that a reasonable probability of rezoning of the subject did exist, premised such determination upon the following considerations, viz: the growth pattern of the area adjacent to the subject; the acquisition of an intervening tract of land lying between the subject and a developed shopping plaza by the owners of such plaza; the commercial use of various properties in the immediate area of the subject, including a slaughter house being conducted on the premises immediately adjacent to the subject; the commercially zoned status of properties adjacent to the subject and surrounding areas situate in the adjoining township; the prior favorable recommendation of the town planning board for the rezoning to commercial use of the area including the subject; the testimony of two

members of the town planning board that, upon submission of a proper development plan and proposal for the subject, they would have recommended a rezoning to commercial; and the general suitability of the subject for commercial use. As stated by the trial court, the foregoing factors pointed to a "conditional" and "continuing trend" which existed at the time of the appropriation rendering imminent rezoning of the subject area for commercial use virtually inevitable. The law is well settled that it is proper for the court to consider the possibility of a rezoning change where the use in question would appreciably influence the market value of the property appropriated *(Vitale v State of New York,* 33 AD2d 977; *Plymouth Ave. South Corp. v State of New York,* 32 AD2d 892; 4 Nichols, Eminent Domain [3d ed], § 12.314(2), pp 184-185). The test generally applied in cases relying on a potential for rezoning is whether there is a "reasonable probability that the zoning might be changed" *(Matter of City of New York [Shorefront High School—Rudnick],* 25 NY2d 146, 149; *Masten v State of New York,* 11 AD2d 370, 371, affd 9 NY2d 796). The question of whether there exists a reasonable probability of a change in existing zoning restrictions is factual and its resolution is a function of the trial court *(Lem v State of New York,* 45 AD2d 805). The sole issue presented on this appeal, therefore, is the sufficiency of the evidence to sustain the trial court's determination that there existed a reasonable probability of rezoning the subject for commercial purposes. Upon our analysis the evidence as a whole, including the factors enumerated by the trial court, adequately satisfies the criteria of *Rudnick (supra)* and *Masten (supra).* (Appeal from judgment of Court of Claims—appropriation). Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.