■ FRANK E. SWIDERSKI, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. — Judgment and order unanimously affirmed, without costs. Memorandum: In 1970 the State appropriated .899 acres from claimant's 27.9 acres of land in the Town of Camillus. The taking was necessary for the construction of a highway known as the "Camillus By-Pass." The land is bordered on the east by Horan Road and on the west by Belle Isle Road. To the north is a large landfill used by the Village of Solvay and wastebeds from Allied Chemical Company. At the time of the appropriation, the subject parcel was zoned R-3 for single family homes. The only change resulting from the appropriation was the loss of access to Horan Road.

The Court of Claims awarded claimant $900 plus interest after concluding that the best and highest use of the property, both before and after the taking, was for single-family residential development. This determination rests upon a finding that claimant failed to establish a reasonable probability that an application for rezoning from R-3 to R-4 to permit construction of a multiple-family apartment complex would have been granted at the time of the appropriation (see *Matter of City of New York [Shorefront High School — Rudnick]* 25 NY2d 146, 149; *Masten v State of New York,* 11 AD2d 370, affd 9 NY2d

796). The primary issue on appeal is whether that finding is supported by the record. We conclude that it is and we affirm.

In the 10 years preceding claimant's application (1960-1970), the Town Board had granted only four rezoning changes from R-3 to R-4 multiple-family dwellings in the entire town and had not granted any R-3 to R-4 rezoning since September, 1966. Moreover, the land is not conducive to the development of apartment complexes because heavy industries and a large landfill are located nearby and both Belle Isle Road and Horan Road are too narrow to facilitate heavy traffic. Claimant also failed to present evidence of a feasibility study to determine whether apartment development would be practical or profitable. Claimant's reliance on *Spriggs v State of New York* (54 AD2d 1080) is misplaced. There, unlike here, claimant clearly established a reasonable probability that an application for rezoning to accommodate a projected apartment complex would have been granted because the size and terrain of the land, as well as the availability of utilities and prior zoning history, all supported the proposed use. Unlike here, there was significant access to other much larger apartment complexes in the area through main highways.

The court also properly denied claimant's motions to reopen the trial (Court of Claims Act, § 9, subd 8) and to continue the case for further discovery (CPLR 4402, 3102, subd [d]) because there was no evidence that the alleged appraisal report, upon which the motions were based, existed. Claimant failed to move before or during trial for disclosure of the alleged appraisal despite the fact that the respective appraisals of the litigants were exchanged in 1973, two years before the trial commenced. Accordingly, there is no interest of justice that would have been served by reopening the trial. We have considered the other contentions raised by claimant and find them lacking in merit. (Appeals from judgment and order of Court of Claims, Ford, J. — appropriation.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.