■ COUNTY OF WESTCHESTER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 67159.)—In a condemnation proceeding, the claimant appeals, on the ground of inadequacy, from a judgment of the Court of Claims (Lengyel, J.), dated July 25, 1985, which is in its favor and against the defendant in the principal amount of $552,396.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the trial court that the claimant failed to meet its burden of proof on the issue of whether there was, at the time of the appropriation, a reasonable probability that the subject property would have, upon application, been rezoned by the local authorities (see generally, Rodman v State of New York, 109 AD2d 737; Maloney v State of New York, 48 AD2d 755; Rebrug Corp. v State of New York, 42 AD2d 801). We note only that the court erred in considering whether the claimant county, in fact, had plans to sell the land in question as of the date of the appropriation or, as the court found was more likely, would have retained it for its own public or proprietary uses. This consideration has no relevance to the determination of the property's fair market value which is based on "the price a willing buyer would have paid a willing seller for the property" (Matter of Town of Islip [Mascioli], 49 NY2d 354, 360). Whether the claimant was, in fact, a prospective seller at the time of the taking is irrelevant to this inquiry. Nevertheless, reversal is not warranted on this ground alone since the decision of the trial court indicates that its judgment rests on other, more valid grounds, and we find such judgment to be supported by the weight of the evidence. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.