■ NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent, v DUANE C. OLIN et al., Respondents-Appellants, et al., Respondents.—Order and judgment unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following memorandum: Niagara Mohawk Power Corporation brought this proceeding to acquire a strip of land across respondents' property for the construction and maintenance of power lines. In its award of just compensation to respondents, the court included a sum representing consequential damages for the effect of the power lines upon the remaining lands. This was error. The burden is upon the owner to prove the consequential damages and to furnish a basis upon which a reasonable estimate of those damages can be made *(Mil-Pine Plaza v State of New York,* 72 AD2d 460,

464). The mere presence of a power line does not cause a consequential loss. To prove consequential damages in such case, the owner is required to present comparable market data consisting of sales made before and after the existence of a power line demonstrating an actual decrease in market value *(Matter of Niagara Mohawk Power Corp. [Peryea],* 118 AD2d 891, 893-894; *Miller v State of New York,* 117 Misc 2d 444, 449-450). Here, as the trial court noted, neither party offered any market data that would demonstrate the effect of the presence of the power lines on the value of adjacent lands. The owner is entitled to an award, however, for severance damages caused to the lands lying east of the taking. As the appraiser for Niagara Mohawk conceded, that acreage was damaged to the extent of 10% of its value because of its irregular shape caused by the taking.

Hence, we modify the award by deleting therefrom the amount attributed to consequential damages caused solely by the existence of the power lines. Specifically, we delete the sum of $10,000 for diminution in value of the residence; the sum of $11,360 for diminution in value of the 142 acres west of the taking; and the sum of $3,092 for diminution in value of the land west of Kester Road; and we reduce the sum of $12,108 for the diminution in value of the acreage east of the taking to $8,072. This reduces the total principal award from $50,214 to $21,726. (Appeals from order and judgment of Supreme Court, Onondaga County, Hurlbutt, J.—condemnation.) Present—Callahan, J. P., Denman, Boomer, Pine and Davis, JJ.