■ ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY,
Appellant-Respondent, v PAUL R. FRY et al., Respondents-
Appellants. (Appeal No. 1.) [678 NYS2d 219] —Order unanimously
affirmed with costs to claimants. Memorandum: In 1989, claim-
ants purchased 10.636 acres on Seneca Creek Road in the Town
of West Seneca for $95,000. The property is split-zoned. The
front portion of the property, consisting of 1.264 acres with 195
feet of road frontage, is zoned residential. Upon it is a single-
family dwelling, a detached 2½-car garage and a barn used for
stabling horses. Claimants put a new roof on the barn, made
cosmetic improvements inside the house and erected a fence
behind the barn for use as a corral. The rear portion of the
property, consisting of 9.372 acres, is zoned industrial.

On May 15, 1992, petitioner, Erie County Industrial Develop-
ment Agency (ECIDA), acquired through condemnation ap-
proximately 450 acres of property, including 8.14 acres of the
industrial portion of claimants' property, for the development
of an industrial park. Claimants retained ownership of the
front 1.264-acre portion and 1.232 acres of the industrial por-
tion.

After the taking ECIDA made an advance payment to claim-
ants, who then filed a claim seeking additional compensation.
Supreme Court appointed a Referee to hear and report. After
trial, the Referee determined that the value of the condemned
property was $57,364.29. The court denied the motions of
ECIDA and claimants to reject the Referee's report and
confirmed the report. ECIDA appeals and claimants cross-
appeal.

The Referee properly determined that ECIDA's appraisal
report was fatally defective because it failed to set forth the
value of the entire property before the taking and the value of
the remaining property after the taking (*see, Matter of Town of
Brookhaven v Gold*, 89 AD2d 963). When there is a partial tak-
ing of land, damages are measured "by finding the difference

between the fair market value of the whole before the taking and the fair market value of the remainder after the taking" (*Acme Theatres v State of New York*, 26 NY2d 385, 388; *see*, *McDonald v State of New York*, 42 NY2d 900). We reject the contention of ECIDA that the Referee abused her discretion in denying the request of ECIDA, made for the first time during trial, to amend or supplement its appraisal. Once a trial commences, "proof of 'extraordinary circumstances' warranting the grant of leave to serve a supplemental appraisal" must be shown (*Salesian Socy. v Village of Ellenville*, 98 AD2d 927, 928; *cf.*, 22 NYCRR 202.59 [h]), and ECIDA failed to meet that burden.

The award to claimants was supported by the evidence and adequately explained (*see*, *Matter of City of New York [Reiss]*, 55 NY2d 885, 886; *Matter of County of Dutchess v Dutchess County Indus. Dev. Agency*, 213 AD2d 635). In determining the value of the condemned parcel, the Referee properly relied as a comparable upon a recent sale of a similar property on the same road; that property was one of the parcels partially acquired in the condemnation proceeding (*see*, *Thompson v Erie County Indus. Dev. Agency*, 251 AD2d 1028). The weight accorded by the Referee to claimants' appraisal was not an abuse of discretion (*see*, *Matter of City of New York [Nassau Expressway]*, 98 AD2d 166, 190-191; *Houle Co. v State of New York*, 73 AD2d 794, 795; *Matter of City of Rochester v BSF Realty*, 59 AD2d 1035, 1036).

We have examined ECIDA's remaining contentions and conclude that they are without merit. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—EDPL.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.