In the Matter of NATIONAL FUEL GAS SUPPLY CORPORATION, Respondent, v TOWN OF CONCORD et al., Respondents, and JOSEPH ANZULEWICZ et al., Appellants. [752 NYS2d 187] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered September 6, 2001, which, inter alia, granted the petitions seeking authorization to acquire permanent natural gas storage easements by condemnation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents-appellants (respondents) appeal from an order that, inter alia, granted the petitions seeking authorization to acquire permanent natural gas storage easements by condemnation and denied respondents' motion seeking dismissal of the petitions or, alternatively, seeking, inter alia, discovery and a stay of the proceedings. We conclude that Supreme Court properly granted the petitions. Contrary to respondents' contention, the court did not abuse its discretion in refusing to dismiss the petitions or stay the proceedings pursuant to CPLR 3211 (a) (4). Respondents failed to establish "sufficient identity as to both the parties and the causes of action asserted in the respective actions [and proceedings]" (*White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 93; *see generally Whitney v Whitney*, 57 NY2d 731, 732). Contrary to respondents' further contention, petitioner fulfilled the requirements of EDPL 303 by making an offer to respondent property owners that "it believe[d] to represent just compensation for the real property to be acquired." There is no requirement that petitioner "plead or prove, as a prerequisite to the acquisition of property by eminent domain, that it negotiated in good faith with the [property] owner[s]" (*Oswego Hydro Partners v Phoenix Hydro Corp.*, 163 AD2d 829, 829, citing *Matter of Consolidated Edison Co. of N.Y. [Neptune Assoc.]*, 143 AD2d 1012, 1014). If a property owner believes that an offer is inadequate, the remedy is to commence an action in the Court of Claims pursuant to EDPL article 5. We agree with petitioner that, pursuant to EDPL 206 (A) and (D), it was exempt from the public hearing requirements of EDPL article 2 (*see Matter of Anderson v National Fuel Gas Supply Corp.*, 105 AD2d 1097). To the extent that respondents contend that petitioner failed to provide them with adequate notice of its application submitted to the Federal Energy Regulatory Commission (FERC), we note that the proper vehicle for such a contention would be the FERC's administrative review process or a proceeding commenced in federal court (*see* 15 USC § 717r [a], [b]; *see also Federal Power Commn. v Colorado Interstate Gas Co.*, 348 US 492, 497; *see generally* Annotation, *Requirement that Objection be Urged on Rehearing Before Federal Energy Regulatory Commission as Prerequisite for Judicial Review Under § 19 of Natural Gas Act [15 U.S.C.A. § 717R, § 506 (A) of Natural Gas Policy Act (15 U.S.C.A. § 3416[A])], and § 313 of Federal Power Act [16 U.S.C.A. § 825L]*, 93 ALR Fed 186). We have examined respondents' remaining contentions and conclude that they lack merit. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.