■ J.W. MAYS, INC., Respondent, v STATE OF NEW YORK, Appellant. [754 NYS2d 287] —Motions by the respondent for (a) leave to reargue appeals from (1) a decision of the Court of Claims, dated January 31, 2001, (2) a judgment of the same court, dated April 30, 2001, and (3) an "additional judgment" of the same court, dated October 5, 2001, which were determined by decision and order of this Court dated June 10, 2002, and (b) leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motions and the papers submitted in opposition thereto, it is

Ordered that the motion for leave to appeal is denied; and it is further,

Ordered that the motion for leave to reargue is granted; and it is further,

Ordered that upon reargument, the decision and order of this Court dated June 10, 2002 (*see J.W. Mays, Inc. v State of New York,* 295 AD2d 402), is recalled and vacated, and the following decision and order is substituted therefor:

In a claim to recover damages for a partial taking of certain commercial real property, the defendant appeals from (1) a decision of the Court of Claims (O'Rourke, J.), dated January 31, 2001, (2) a judgment of the same court, dated April 30, 2001, which is in favor of the claimant and against it in the principal sum of $4,147,572, and (3) an "additional judgment" of the same court, dated October 5, 2001, which is in favor of the claimant and against it in the principal sum of $1,366,562.74 for counsel, appraisers', and engineers' fees.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified by reducing the sum

of $4,147,572 to the sum of $81,677; as so modified, the judgment is affirmed, and the matter is remitted to the Court of Claims for entry of an appropriate amended judgment; and it is further,

Ordered that the "additional judgment" is reversed, and the awards of counsel, appraisers', and engineers' fees are vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The claimant purported to establish through expert testimony that it could probably have qualified for a curb cut from its property onto Route 9 before the State condemned several feet of its frontage in May 1997, but that it probably would not have qualified for such a permit after the taking. The claimant estimated its consequential damages to be the difference between the value of its property with a curb cut and the value of its property without access to the highway.

It is not disputed that the claimant never applied for a permit to build a driveway onto Route 9 prior to the taking because it had access to that thoroughfare through three contractual easements across an adjoining parcel. Those easements are scheduled to remain in effect until October 2014.

The testimony of the claimant's transportation engineer was entirely speculative. In attmpting to prove that a pre-taking permit would have been granted, the engineer submitted a general design in which the entire highway abutting the claimant's property was reconfigured. The engineer conceded that his design ignored numerous regulations of the New York State Department of Transportation (hereinafter the DOT) governing commercial driveways (see 17 NYCRR 125.6 et seq.), and was insufficiently specific to qualify as a permit application. Accordingly, his hypothetical design did not establish any likelihood that the state would have implemented the desired highway reconstruction (see Fodera Enters. v State of New York, 275 AD2d 85).

The claimant additionally presented no proof of what such a rearrangement of a public intersection would cost (see Fodera Enters. v State of New York, supra). The claimant submitted no empirical evidence that highway alterations of the type and magnitude proposed by the engineer ever had been approved by State authorities (see e.g. Swiderski v State of New York, 105 AD2d 1081; Weingarten v State of New York, 60 AD2d 671; Lem v State of New York, 45 AD2d 805, 806; cf. Spriggs v State of New York, 54 AD2d 1080; Masten v State of New York, 11 AD2d 370, 371, affd 9 NY2d 796). Because of these evidentiary deficiencies, the claimant failed to carry its burden to furnish a

basis from which a reasonable estimate of its purported consequential damages could be made (*see Niagara Mohawk Power Corp. v Olin,* 138 AD2d 940; *Mil-Pine Plaza v State of New York,* 72 AD2d 460, 464; *Maloney v State of New York,* 48 AD2d 755; *Rebrug Corp. v State of New York,* 42 AD2d 801).

Equally speculative was the engineer's testimony that a permit probably would be denied post-taking. The engineer admitted that the claimant's parcel would not seriously be threatened with landlock until its easements expired in 2014. Accordingly, his prediction of the DOT's future denial of a curb-cut application is premised on a possible ruling by that agency 12 years hence. The courts have held that a claimant may not prove the existence of a "reasonable probability" by relying upon an expert's prognostication of future legislative action (*see e.g. Maloney v State of New York, supra* at 756). At a minimum, the claimant's assertion of damage is premature (*see City of Buffalo v Clement Co.,* 28 NY2d 241, 253; *Priestly v State of New York,* 23 NY2d 152; *Bartle v State of New York,* 51 AD2d 1080).

Since, at the date of taking, the claimant had essentially the same property with the same access that it had before—i.e., a parcel with three easements and direct frontage on Route 9 for which a permit to build a driveway was required—the claimant is not currently entitled to any consequential damages (*see Klein v State of New York,* 187 AD2d 706, 707). The award to the claimant is accordingly reduced to $81,677 in direct damages, representing the uncontested value of the 0.078-acre parcel actually appropriated by the State.

Finally, because the $4,000,000 consequential damage award cannot be sustained, the awards of counsel, appraisers', and experts' fees must be vacated (*see Hakes v State of New York,* 81 NY2d 392; *Matter of Estate of Haynes v County of Monroe,* 278 AD2d 823; EDPL 701). Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.