■ NATIONAL FUEL GAS SUPPLY CORPORATION, Respondent, v CECIL GOODREMOTE, JR., et al., Appellants. [787 NYS2d 570]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered September 16, 2003 in a proceeding under the Eminent Domain Procedure Law. The order and judgment, among other things, determined the fair market value of the natural gas storage easements taken by petitioner.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to the Eminent Domain Procedure Law, respondents contend that Supreme Court erred in determining, following a valuation hearing, that the fair market value of the natural gas storage easements taken by petitioner is $7.50 per acre per year. They contend that they established that the proper fair market value is $10 per acre per year by presenting evidence that petitioner offered various landowners that amount before the commencement of this litiga-

tion. We reject respondents' contention. The evidence presented by respondents at the valuation hearing failed to establish the requisite "difference between the fair market value of the whole before the taking and the fair market value of the remainder after the taking" (*Acme Theatres v State of New York*, 26 NY2d 385, 388 [1970]; *see Erie County Indus. Dev. Agency v Fry*, 254 AD2d 721, 721-722 [1998]). We note that respondents contended in a prior appeal, as they contend herein, that market value can be determined only upon evidence of good faith negotiations. We rejected that contention in the prior appeal (*Matter of National Fuel Gas Supply Corp. v Town of Concord*, 299 AD2d 898, 899 [2002]), and " 'questions of law that have been resolved by an appellate court on a prior appeal will not be reviewed upon a further appeal to that court' " (*Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency*, 224 AD2d 15, 19 [1996], *appeal dismissed* 89 NY2d 860 [1996], *lv denied* 89 NY2d 811 [1997]). We note in addition that respondents failed to perfect their appeal from a prior order denying their motion for discovery of additional gas storage leases, and thus that appeal is deemed abandoned and dismissed (*see* 22 NYCRR 1000.12 [b]). We decline to consider respondents' contentions herein concerning the propriety of that order (*see generally Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]).

Contrary to respondents' further contention, petitioner followed the proper procedure in filing its appraisal report (*see* 22 NYCRR 202.59 [g]). We conclude that the court did not abuse its discretion in allowing petitioner's appraiser to testify as an expert (*see Werner v Sun Oil Co.*, 65 NY2d 839, 840 [1985]; *Woodhouse v Bombardier Motor Corp. of Am.*, 5 AD3d 1029, 1030 [2004]). We further conclude that, despite any inadequacies in petitioner's appraisal report, the report substantially complied with the requirements of 22 NYCRR 202.59 (g) (2) (*see Matter of Welch Foods v Town of Westfield*, 222 AD2d 1053, 1054 [1995]). Thus, any inadequacies in the appraisal report disclosed during the valuation hearing go to the weight to be given to the report, not its admissibility (*see Champlain Natl. Bank v Brignola*, 249 AD2d 656, 657 [1998]). Respondents were not entitled to consequential damages because they offered no competent evidence of such damages (*see J.W. Mays, Inc. v State of New York*, 300 AD2d 545, 546-547 [2002], *lv denied* 99 NY2d 511 [2003]; *Niagara Mohawk Power Corp. v Olin*, 138 AD2d 940 [1988]). We have examined respondents' remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.