■ WILLIAM. F. MOTSIFF et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45881.) — Judgment modified on the law and facts by reducing the award to $170,600 and as so modified affirmed, without costs. Memorandum: On May 13, 1965 the State appropriated claimants' 65 year-old four-story brick building located at the corner of James and Pearl Streets in the City of Syracuse. Claimants purchased the property in 1957 at a cost of $111,570.62. During five of the seven and one-half years that they owned the property it produced no net income. In the last full year before the appropriation gross rents amounted to $12,027.36, expenses were $9,686.17 and net income was $2,341.19. While actual rentals are not an absolute criterion, nevertheless, where, as here, there is no claim that the leases were improvident or that their terms were unusual, they should be considered in determining rental value. (Court of Claims Act, § 16; *Matter of City of N. Y.* [*Maxwell*], 15 A D 2d 153, 164, affd. 12 N Y 2d 1086; *Matter of City of N. Y.* [*Madison Houses*], 17 A D 2d 317, 322; *Marjal Realty Corp.* v. *State of New York*, 23 A D 2d 941; 4 Nichols, Eminent Domain [3d ed., 1962], § 12.3122, p. 127; cf. *Matter*

*of City of New York* [*West Ave.*], 27 A D 2d 539.) Claimants' appraiser esti-mated potential gross rents for the first, second, third and fourth floors of the building at the respective amounts of $1.75, $1.50, $1.00 and $.75 per square foot. The State's appraiser estimated them at the respective amounts of $1.50, $1.20, $.70 and $.25 per square foot. The trial court inadvertently used an erroneous amount for the claimants' appraised value of the building and made no finding of the rental value of it, or of the factors upon which the building value could properly be based, such as expenses, allowance for vacancies, per-centage of return to land and rate for capitalization of net income. The trial court should have made such findings. (*Moore* v. *State of New York*, 23 A D 2d 525, affd. 17 N Y 2d 690; *Matter of City of Rochester* [*State St. Holding Corp.*], 32 A D 2d 731.) There being sufficient evidence in the record from which appropriate findings may be made, however, we modify the award and grant such award and judgment as the Court of Claims should have granted (Court of Claims Act, § 24). Upon reevaluation of the proof actually before the court we find as follows: stabilized gross income: 1st floor 6,000 sq. ft. at $1.60 $9,600, 2d floor 6,400 sq. ft. at $1.30 $8,320, 3d floor 6,400 sq. ft. at $.80 $5,120, 4th floor 6,400 sq. ft. at $.50 $3,200, total $26,240; less estimated expenses and allowance for vacancies $11,290, net income $14,950; return to land $70,320 at 7%, $4,922, net to building $10,028; $10,028 capitalized at 10%, $100,280, land value, $70,320, total value $170,600. All concur, except Del Vecchio, J. P., and Bastow, J., who dissent and vote to affirm, in the following memorandum: This court is unanimous in affirming the award of $70,320 for the land and in using a capitalization rate of 10% in valuing the building. We disagree only in the determination of rentable area and the applicable value per square foot. Upon the record, we should not disturb the award made by an able and experi-enced Judge who has heard a large number of appropriation cases in the area involved, has viewed the premises and has heard the witnesses, unless he failed to give conflicting evidence the relative weight it should have had in arriving at the value. (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 432; *Matter of Huie*, 306 N. Y. 951; *Matter of City of New York* [*Newton Creek*], 284 N. Y. 493, 497.) Though there was conflicting testimony as to value, we do not think the record warrants modifying the award. The proof adequately supports the court's findings that claimants' four-story brick build-ing was structurally sound, well maintained, remodeled and renovated for com-mercial use; that it was located three blocks east of the central core of downtown Syracuse on a street which in recent years had witnessed rapid growth and development with rising real estate values. It also appears that an electrically operated Otis elevator and an air-conditioning unit for the second floor had been recently installed. The Trial Judge's award of $195,320 total damages is within the range of expert testimony. Although the decision fails to disclose the computations employed by him in arriving at the valuation, the proof supports figures which produce the total value fixed. (*Matter of City of Rochester* [*Genesee Crossroads*], 29 A D 2d 1045; *Matter of City of Rochester* [*Genesee Crossroads*], 30 A D 2d 1033.) We find from the evidence that the rentable area and its value per square foot are as follows: 1st floor 6,299 sq. ft. at $1.65, $10,393, 2d floor 6,650 sq. ft. at $1.40 $9,310, 3d floor 6,650 sq. ft. at $.85 $5,652, 4th floor 6,650 sq. ft. at $.50 $3,325, total $28,680; less annual expenses and allowance for vacancies (State's figure) $11,290, net income, $17,390; return to land, $70,320 at 7%, $4,922; total $12,468; rounded off at $12,500. This sum, capitalized at 10% produces $125,000 as the value of the improvement and, added to the land value of $70,320, yields a total of $195,320, the value fixed by the Trial Judge. (Appeal from judgment of Court of Claims in action for damages for permanent appro-priation.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.