*536
 
 Memorandum. We affirm the determination reached by the Appellate Division. The condemnor’s evidence of value consisted of the traditionally accepted standard of comparable sales of adjacent parcels, and the record reveals this to be the only valid evidence of value. Claimants failed to substantiate their contention that the highest and best use of the condemned parcels, situated in an area zoned for light manufacturing, was for the erection of a community shopping center. Their evidence in this regard related to the physical feasibility of such a complex without any reference to or evidence of the economic feasibility of the proposed venture, and in these circumstances there was a failure to show its highest and best use to be for a shopping center. While it is not essential to demonstrate either that the property had been used as its projected highest and best use or that there had been an
 
 ante litem
 
 plan for such use
 
 (Keator
 
 v.
 
 State of New York,
 
 23 N Y 2d 337, 339), it is, of course, necessary to show that there is a reasonable probability that its asserted use could or would have been made within the reasonably near future
 
 (Matter of City of New York [Wilson],
 
 21 A D 2d 652, 653, affd. 16 N Y 2d 814); and a “ use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award ”
 
 (Matter of City of New York [Shorefront High School
 
 —
 
 Rudnick],
 
 25 N Y 2d 146, 149;
 
 Triple Cities Shopping Center
 
 v.
 
 State of New York,
 
 26 A D 2d 744, affd. 22 N Y 2d 683). We noted in
 
 Shorefront High School
 
 —
 
 Rudnick
 
 (at p. 149) that it “ is likely that the expert would consider the availability of financing, costs of construction, taxes, possible profits and the like in árriving at his conclusion concerning the highest and best use of the land, and its probable market price.” Claimants’ evidence fell far short of the usual criteria.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
 

 Order affirmed, without costs, in a memorandum.