■    FRANK G. RAICHLE, as Trustee of the Estate of KABETH PROPERTIES, INC., Respondent, v STATE OF NEW YORK, Appellant. *Per Curiam.* The State appeals from a judgment of the Court of Claims which awarded claimant, the trustee in bankruptcy of Kabeth Properties, Inc. (Kabeth) and assignee of this claim, $338,986 direct and $364,048 consequential damages with interest resulting from the permanent appropriation of 31.453 acres of generally vacant land formerly owned by Kabeth in the Town of Clay, Onondaga County. Initially we note that the court erred in finding that the highest and best use of the property before the appropriation was as a

regional shopping center. Although claimant demonstrated the physical feasibility of constructing such a facility on the subject, it did not adequately establish the economic viability of a two-county regional shopping center in an area which albeit partially rezoned commercial, was essentially agricultural in nature (see *Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, rearg den 34 NY2d 916). Accordingly, the court should have held that the highest and best use before the taking was for potential commercial purposes. Consideration of this use would have resuled in a value of the subject before the taking which was smaller than that found by the court and more in keeping with the comparable sales as adjusted by the State's appraiser who employed the proper highest and best use before the taking. With respect to the issue of consequential damages to the remainder parcels, we find that although claimant was entitled to such damages the court's award was excessive. The magnitude of these damages was apparently due in part to the court's error in finding that the highest and best use of the property before the taking was as a regional shopping center and should, therefore, be reduced in view of our decision on such use. Since there is sufficient evidence in the record from which appropriate findings may be made and since it is within our power to do so (see Court of Claims Act, § 24; *Sparks v State of New York*, 48 AD2d 236, affd 39 NY2d 884; *Motsiff v State of New York*, 32 AD2d 729, affd 26 NY2d 692), we choose to modify this award rather than to remit for further findings. Inasmuch as no error is claimed with respect to the court's finding of highest and best use of the remainder parcels after the taking or with respect to its valuation of those parcels, we accept the court's finding of an after value of $1,013,253. As to the question of the before taking value of the subject we also accept the court's finding that the 5.101 acres, which were subject to a permanent waterline easement, had a value before the taking of $2,100 per acre. Claimant, however, waived any right to reimbursement for the 1.613 acres of this easement which was appropriated by the State. With respect to the before taking value of the remaining 140.079 acres of the subject, we reject claimant's comparable sales 1A and 1B and the State's comparable sale 4 since these three sales were, in our opinion, not truly comparable due to their distance from the subject and to the fact that 1A and 4 were zoned for agricultural use. Accordingly, we are left with claimant's sales 2A, 2B and 2C which were also used by the State's appraiser and designated by him as 1, 2 and 3. These sales were all made within one year of the subject taking, were purchased by a single buyer as an assemblage for a supermarket, and were located approximately three miles south of the subject in an area of rapid development. Claimant's sale 2A (State's sale 1) consisted of 35 acres which was sold approximately eight months before the subject taking at a cost of $15,714 per acre. This comparable is approximately one quarter the size of the subject and the evidence indicates that a downward adjustment of 15% is necessary to compensate for this factor. Sale 2A is located in the more intensively developed area south of the subject and we agree with the State's appraiser that a downward adjustment of 25% is therefore appropriate. In light of the rapidly rising value of realty in the area of the subject, a time adjustment of 8% is also warranted. We find an adjusted value per acre of $10,686. Claimant's sale 2B (State's sale 2) consisted of 30.159 acres which was sold 11 months after the subject taking at $7,500 per acre. Since the parcel is approximately equal in size to sale 2A, a downward adjustment of 15% is necessary. Like sale 2A, sale 2B is located in a more intensively developed area than the subject. However, whereas sale 2A has a frontage on the heavily traveled Route 57 as well as on Elmcrest Road, sale 2B fronts

only on Elmcrest Road. A downward adjustment of 10% for location is therefore appropriate. Consistent with the time adjustment factor employed in the previous sale, a downward adjustment of 11% should be applied. Finally, since the comparable is from 6 to 8 feet below grade and would require filling (and possibly the construction of a flood wall) before development, an upward adjustment of 35% is necessary. We thus reach an adjusted value of $7,425 per acre. Claimant's sale 2C (State's sale 3) consisted of only 8.813 "plus or minus" acres which was sold at the same time as 2B for $23,261 per acre. We agree with the State's appraiser that a substantial downward adjustment is required. Although the State's appraiser recommended a 40% adjustment for size, we think that the evidence supports only a 25% adjustment. The comparable is adjacent to sale 2A and has approximately 550 feet of frontage on Route 57. Moreover, sale 2C abuts John Glen Boulevard and although it has no direct access thereto, its greater visibility and easy accessibility require a 25% downward adjustment for location. Since the sale took place nearly 11 months after the appropriation, a time adjustment of 11% is warranted. Finally, in view of the fact that a portion of the property is somewhat below grade and may require filling before development, an upward adjustment of 10% is indicated. The foregoing adjustments produce an adjusted value of $11,862 per acre. Based upon these adjustments and giving greatest weight to sales 2A and 2C, we find a before taking value of the 140.079 acres of the subject to be $11,000 per acre. This figure when added to the value of the 3.488 acres subject to the permanent easement yields a total before taking value of $1,548,193.80. The resultant damages from the appropriation, therefore, amount to $534,940.80 of which $328,240 is attributable to direct damages and $206,700.80 is attributable to consequential damages. Adding to this figure an amount of $675 which represents rental for a temporary easement, claimant is entitled to a total award of $534,940 (rounded). Accordingly, the judgment should be modified by reducing claimant's award from $703,700 to $534,940. Interest on this award, as modified, should be computed from January 13, 1969 to July 13, 1969 and from August 29, 1969 to September 23, 1975, the date of the entry of the judgment below.—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ., concur.—Judgment unanimously modified in accordance with *Per Curiam* opinion and, as, modified, affirmed, without costs.