■ GLENN HOULE CO., INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60398-A.)—Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: The State appeals from a judgment of the Court of Claims awarding claimant $107,500 plus interest and costs for the appropriation of property fronting 45 feet on the east side of South Main Street and 188 feet on Moran Street in the City of Canandaigua. The subject property consists of two two-story frame dwellings on 13,359 square feet of land which were used at the time of the taking as multitenancy rooming houses, a pre-existing nonconforming use in a district zoned C-3, heavy commercial. Claimant's appraiser concluded that the use of the property as a rooming house was transitional until it attained its highest and best use as a high intensity commercial development and that until the prospective use was realized, the present highly profitable use of the existing improvements would continue, because they possessed economic value for interim use. He evaluated the subject property both under its existing use and under its potential best use as a vacant commercial site. In using the market data approach he selected three sales of commercial property and, after adjusting the sale prices for various factors on a unit square foot basis, he concluded that the subject property had a value of $10.50 per square foot or $140,000 as a commercial development site. To

establish the value of the subject property under its existing use, he made an alternative evaluation by comparison with the sale of another rooming house property located in a residential area (Sale No. 4). He made adjustments for dissimilarities between the properties on a whole-property basis and arrived at a value of $133,000. State's appraiser found that the existing use of the subject property represented its highest and best use. He used the market data and income approaches to value and concluded that the fair market value of the subject property was $52,600. In his market data approach he relied also on Sale No. 4. The court rejected the State's economic approach, finding that the data used was not adequately supported by the evidence. Its rejection, however, of the State's other comparables for failure to show specific adjustments was improper. The uncontradicted testimony of the State's expert described specific dollar values for detailed adjustments. The court stated that, with reference to three land sales offered as comparables by claimant's expert, it could give "no weight" to one and "little weight" to another, and that the third sale was suspect for various reasons. It is evident from the record and the court's findings that it relied on Sale No. 4, the "whole-to-whole comparable" used by both appraisers in arriving at its value for the subject property, correctly noting, however, that the lump-sum adjustment of minus $20,000 made to the sale price of Sale No. 4 by the State was improper (*Latham Holding Co. v State of New York,* 16 NY2d 41; *Matter of City of Rochester v Dray,* 60 AD2d 766). The trial court could properly conclude, as it did, that the subject property's highest and best use was its present use with conversion in the near future to a high intensity commercial development (*Dann v State of New York,* 36 NY2d 858). The evidence amply established that the existing use would remain on only an interim basis and that the property could or would be put to commercial use within the reasonably near future (*Matter of City of New York [Broadway Cary Corp.],* 34 NY2d 535). Upon the making of proper adjustments the court could also properly rely on Sale No. 4. In the absence of legal error the suitability of comparable sales is a matter for resolution by the trial court (*Matter of City of Rochester v BSF Realty,* 59 AD2d 1035). However, once it is determined that the property is in transition from a one-time highest use based on existing improvements to another higher use not yet fully realizable, the value of the land must be discounted for the time it will take to realize the new highest and best use, and the value of the improvements must also be discounted for the period until transition is complete (*Dann v State of New York, supra*). Although claimant's expert testified that he discounted the land value under his highest-and-best-use adjustment category, the evidence does not clearly establish that a downward adjustment was in fact achieved. In any event, claimant's appraiser in providing a comparison with Sale No. 4 failed to consider that "the improvements [on the subject property] were ratable at discounted values" (*Dann v State of New York, supra,* p 860). In making his adjustments to this sale property, claimant's appraiser gave several upward adjustments under the categories of location, highest and best use, and zoning to reflect the commercial potential of the subject. At the same time he assigned full value to the improvements on the subject property despite the fact that their use would be only temporary. Although he testified that the improvements would have value to the extent that they provided income on an interim basis, his valuation was based not on an interim use but rather on a continuing use of the improvements on the subject property. Further evidence that the appraiser did not discount the value of the subject's improvements is found on the face of the appraisal. He made an

upward adjustment of 10% to the comparable to reflect his opinion that the building size and condition of the structures on the subject property were better. This adjustment is inconsistent with his view that the buildings would have to be removed for the commercial development of the land. We need not direct a new trial if we can make appropriate findings of our own (Court of Claims Act, § 24; *Raichle v State of New York,* 57 AD2d 1071, 1072; *Sparks v State of New York,* 48 AD2d 236, 242, affd 39 NY2d 884). However, it is impossible on this record to make a determination of the value of the subject property. The State, for its part, only questions the failure of the trial court to explain completely its departure from the specific adjustments made by claimant's appraiser to his Sale No. 4. It seeks a reduction of the award to $80,500, which it says reflects properly the findings of the trial court. Although the State does not raise any other issue, we are not justified in ignoring the erroneous method of valuation submitted by claimant's expert and adopted by the court, and in the interest of justice there should be a new trial (see *City of Buffalo v Migliore,* 34 AD2d 334). (Appeal from judgment of Court of Claims—appropriation.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.