■ ROBERT L. ANDREW et al., Appellants, v STATE OF NEW YORK, Respondent.—Levine, J. Appeal from a judgment in favor of claimants, entered January 30, 1987, upon a decision of the Court of Claims (Hanifin, J.).

To complete the Route 17 Big Flats interchange, the State, pursuant to Highway Law § 30 and the EDPL, appropriated 1.116 acres in fee and .358 acre as a permanent dyke easement from a seven-acre parcel owned by claimants, Robert L. Andrew (hereinafter claimant) and his wife, in the Town of Big Flats, Chemung County. The land was vacant except for one residential structure when the appropriation became effective on August 31, 1982. Thereafter claimant commenced this action in the Court of Claims to recover just compensation for the partial taking. At trial, claimant sought to prove that the highest and best use of the property was as a residential subdivision. The State, however, contested the land's suitability for that potential use and proffered its determination that

the highest and best use of the parcel at the time of the appropriation was vacant land with some residential potential, but not as a subdivision. The Court of Claims determined that claimant had not proved that the land had a potential use as a multiple-lot subdivision and that the appraisals submitted by claimant, which valued the parcel as if it was already subdivided, were of no probative value. The court accepted the report and testimony of the State's appraiser and awarded claimant a total of $1,816 plus interest. This appeal by claimant ensued.

Claimant contends that the Court of Claims erred in refusing to find that the best and highest use of the parcel was as a residential subdivision. Claimant, however, bore the burden of proof to establish his right to substantial compensation *(see, Heyert v Orange & Rockland Utils.,* 17 NY2d 352, 364; *see also,* 5 Nichols, Eminent Domain § 18.5). The evidence adduced at trial established that in 1975, claimant submitted a preliminary subdivision plan for this parcel to the town Planning Board. Claimant admitted that there was considerable opposition to the proposal from the residents in the area. Following hearings on the subdivision proposal, the Planning Board unanimously rejected it because of the water and drainage problems which existed on the land. At the same time, the county Health Department recommended to claimant's engineers ways in which the drainage problems could be alleviated. Claimant never acted upon these recommendations or made further attempts to obtain approval for the subdivision. In light of this evidence, the inadequacy of claimant's proof to establish the land's suitability for subdivision development was described by the Court of Claims in its decision as follows: "[C]laimant called no witnesses with regard to the history of the subject property and the likelihood that it could have been developed as a subdivision. In fact, he did not call his consulting engineer as a witness. It may be that the drainage problems on the subject property could have been corrected at a reasonable cost and that it would have been economically feasible to develop the subject property as a subdivision. Unfortunately, there is simply no proof that this was the case, other than claimant's pronouncements from the witness stand." The State, on the other hand, produced a number of witnesses and technical reports which detailed the drainage problems on claimant's land in support of its contention that the land was unsuitable for development as a multiple-lot subdivision. Based on the foregoing, the Court of

Claims could properly find that the potential for subdivision use of the parcel as of the date of the taking was too remote, and hence, could not be considered in assessing claimant's damages from the partial appropriation *(see, Matter of County of Suffolk [Gardner],* 55 AD2d 604, *appeal dismissed* 43 NY2d 842; *see generally,* 51 NY Jur 2d, Eminent Domain, §§ 171, 174, at 249-252, 255-258).

Furthermore, we perceive no error in the Court of Claims acceptance of the State's evidence regarding the amount of compensation owed to claimant. All three of claimant's appraisals were superficial and not in compliance with the court rules then in effect for such reports *(see,* 22 NYCRR former 1200.19). Moreover, all of claimant's evidence concerning fair market value and damages proceeded from the premise that the land had been subdivided. By contrast, the State's appraisal was complete, detailed and properly reflected the land's highest and best use as determined by the court. Under such circumstances, it was not error for the court to adopt the State's evidence in awarding compensation to claimant *(see, Matter of City of New York [Broadway Cary Corp.],* 40 AD2d 865, 866, *affd* 34 NY2d 535).

Claimant's other contentions have been considered and are without merit.

Judgment affirmed, without costs. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.