■    UNITED ARTISTS THEATRE CIRCUIT, INC., et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 54257.)—Appeal from a judgment entered November 18, 1975, upon a decision of the Court of Claims which awarded claimants damages for the appropriation of real property for highway purposes. Prior to the appropriation, the claimants owned a large parcel of vacant land located in the Towns of Southampton and Brookhaven, in Suffolk County. The parcel had already been bisected by a highway appropriation by Suffolk County so that the southernmost 80.5 acres had been separated from the original tract. The instant taking of about 22 acres again bisected the premises leaving a remainder area of about 31.5 acres north of the county appropriation and south of the State appropriation and a 288-acre parcel north of the State appropriation. Prior to the appropriation the vacant land was zoned for residential purposes, including farming as a permitted use. Both appraisers found that the vacant land had a present highest and best use for farming with a potential for residential development. The claimants' appraiser was of the opinion that the particular residential development would be in the form of a planned unit development; the State's appraiser indicated it would be some form of residential development. The appraisers submitted comparable sales of vacant land, some of which had the identical potential of the subject property for residential use. The court found that the potential development for residential purposes was too remote, but this finding was apparently only intended to relate to the claimants' contention that a specific type of residential development would occur. The court actually valued the property as having a residential development potential by relying upon the State's comparable sales. In the present case there was no need for a separate increment value to be found by the appraisers or the court because the market data inherently included that value in raw acreage sales. (Cf. *Matter of County of Suffolk [Firester],* 37 NY2d 649.) This is not a case where the claimants established any particular type of residential use which would require a separate increment over land already having a potential for residential development. Accordingly, the contention that the court erred in its finding

as to highest and best use and in fixing the before value is without merit. The claimants contend that the court should have assigned severance damages to the afore-mentioned 80.5-acre parcel and to the smaller 31.5-acre parcel. The record, however, contains evidence that the larger parcel had been previously severed by the *county* appropriation and accordingly, the State's appropriation could not have caused any damage as to it. Furthermore, the smaller parcel retained access on the State's appropriation and while it was probably circuitous, the record does not establish that the potential for residential development was destroyed. The claimants' contentions as to severance damages are not well-founded. Judgment affirmed, without costs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.