■ Jerome M. Marks et al., Respondents, v State of New York, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following memorandum: The trial court erred in adopting the method used by claimants' appraiser to value the subject properties for their potential commercial highest and best use. It is well settled that property is to be valued as it exists on the date of taking and that an increment is to be added to reflect the potential use *(Matter of County of Suffolk [Firester],* 37 NY2d 649; *Liere v State of New York,* 39 AD2d 980; *Hewitt v State of New York,* 18 AD2d 1128). The comparable sales considered by the State's appraiser had a potential commercial use similar to that of the subject properties and were situated along the same highway. Thus we adopt the State's before-taking valuations as follows:

2000 East Henrietta Road:
Land value (at $1.65/square foot) — $29,000
Improvements — 51,000
Total Before-Taking Value $80,000

2010 East Henrietta Road:
Land value (at $1.65/square foot) — $27,500
Improvements — 22,500
Total Before-Taking Value $50,000

2020 East Henrietta Road:
Land value (at $1.80/square foot) — $28,300
Improvements — 29,700
Total Before-Taking Value —$58,000

2030 East Henrietta Road:
Land value (at $1.80/square foot) — $27,000
Improvements — 27,000
Total Before-Taking Value $54,000

The trial court's findings of highest and best use and value after the appropriation are supported by the record and are affirmed. Accordingly, we modify the judgments to award damages on claim No. 70448 in the sum of $34,700; claim No. 70457 in the sum of $13,800; and claim No. 70458 in the sum of $11,550. (Appeal from judgment of Court of Claims, Corbett,

J.—appropriation.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.