■ In the Matter of CITY OF NEW YORK, Respondent-Appellant, v ESTATE OF MICHAEL LEVINE, Appellant-Respondent. [601 NYS2d 620] —In a condemnation proceeding, the claimant appeals, as limited by its brief, from (1) a final decree of the Supreme Court, Queens County (Kassoff, J.), entered May 1, 1990, which, after a nonjury trial, is in favor of the claimant in the amount of only $1,469,000 and awarded it interest in the amount of only 7% per annum for the period from January 1, 1986, to "the date of availability of payment", and (2) so much of an order and judgment (one paper) of the same court, entered May 1, 1990, as directed the claimant to repay the excess of the advance payment over the condemnation award, and the City of New York cross-appeals, as limited by its brief from (1) so much of the final decree as directed it to pay interest in the amount of 11% per annum for the period from September 3, 1981, to December 31, 1985, and 7% per annum for the period from January 1, 1986, to "the date of availability of payment" and (2) so much of the order and judgment as directed it to pay such interest.

Ordered that the final decree and the order and judgment are modified, by deleting the provisions thereof directing the claimant to pay interest in the amount of 7% per annum from January 1, 1986, to the date of availability of payment, and substituting therefor provisions granting interest in the amount of 6% per annum for that period; as so modified, the final decree and the order and judgment are affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The trial court properly rejected the claimant's appraisal, since the claimant failed to demonstrate that it was reasonably probable that the subject property, which was designed for use as a sanitation garage, could or would feasibly be converted for use as an air cargo facility in the near future *(see, Matter of City of New York [Broadway Cary Corp.],* 34 NY2d 535, 536; *Matter of City of New York [Shorefront High School—Rudnick],* 25 NY2d 146, 148-149, *remittitur amended* 26 NY2d 748; *Matter of Consolidated Edison Co. v Neptune Assocs.,* 190 AD2d 669; 51 NY Jur 2d, Eminent Domain, § 174).

Having rejected the claimant's appraisal, the trial court was bound to either accept the City's appraisal or explain the basis for any departure *(see, Matter of City of New York [Reiss],* 55 NY2d 885, 886; *Matter of County of Dutchess [285 Mill St.],* 186 AD2d 891; *Yonkers City Post No. 1666 v Bottiglieri,* 143 AD2d 267, 271).* Contrary to the claimant's assertions, we find that the City's expert sufficiently explained the basis of his adjustments, or the lack thereof, to the comparable leases which formed the basis of his appraisal, and the trial court did not improvidently exercise its discretion in accepting those comparable leases as evidence of the value of the subject property *(see, Levin v State of New York,* 13 NY2d 87, 92; *Matter of Consolidated Edison Co. v Neptune Assocs., supra; Chase Manhattan Bank v State of New York,* 103 AD2d 211, 222).

We find, however, that the trial court erred in awarding interest at a rate of 7% per annum from January 1, 1986, to the date of availability of payment, since the claimant failed to demonstrate that the presumptively reasonable rate of 6% provided in the General Municipal Law was so unreasonably low as to constitute unjust compensation *(see,* General Municipal Law § 3-a [2]; *Adventurers Whitestone Corp. v City of New York,* 65 NY2d 83, 87; *Matter of Town of Oyster Bay,* 174 AD2d 676, 677-678; *cf., Matter of City of New York [Brookfield Refrig. Corp.],* 58 NY2d 532, 537; *Matter of City of New York [Manhattan Civic Ctr. Arena],* 57 Misc 2d 156, 160-161, *affd* 32 AD2d 530, *affd* 27 NY2d 518). Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.