■ SPLIT ROCK PARTNERSHIP, as Successor in Interest to RAMAPO EQUITIES, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 87120.) [713 NYS2d 64] —In a claim to recover damages for a partial taking of an unimproved parcel of real property, the defendant appeals from a judgment of the Court of Claims (Patti, J.), dated February 4, 1999, which is in favor of the claimant and against it in the principal sum of $915,000.

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph thereof the sum of $915,000 and substituting therefor the sum of $6,300; as so modified, the judgment is affirmed, with costs to the appellant.

The claimant is the owner of a 65-acre parcel of unimproved

real property located in Rockland County and bordering Route 17. In connection with a highway improvement project, the State of New York appropriated .106 acres and eliminated access to the property from Route 17. The claimant, who had hoped to develop the property as a commercial office building, brought this claim against the State to recover damages associated with this appropriation. At trial, the issue of the property's highest and best use was sharply contested. The claimant presented expert testimony that the property's highest and best use was as a commercial office building and that the claimant suffered consequential damages as a result of the denial of access to Route 17. The State presented testimony that the highest and best use of the property was recreational and that the claimant's damages were only $2,000. The court, crediting the testimony of the claimant's witnesses, determined that the property's highest and best use was as a commercial office center and that the claimant's damages were $915,000 ($6,300 in direct damages and $908,700 in consequential damages). The State appeals.

In *Priestly v State of New York* (23 NY2d 152), the Court of Appeals held that if the State's appropriation of highway-abutting land or the physical construction of the improvement itself so impairs access to the remaining property that it can no longer sustain its previous highest and best use, then the State must pay consequential damages to the owner (*see, La Briola v State of New York,* 36 NY2d 328, 332). This Court has interpreted *Priestly* to include cases in which the remaining access would not support the degree of development potential that existed before the taking. Thus, consequential damages have been properly awarded when the highest and best use of the property was the same both before and after the taking, but the remaining access reduced the potential development of the property (*see, Matter of County of Rockland [Kohl Indus. Park Co.],* 147 AD2d 478).

Here, the claimant's appraiser testified, and the trial court found, that the property's highest and best use, both before and after the State's appropriation, was as a commercial office building. However, there is no evidence in the record that the State's appropriation reduced the potential development of the property. There was no testimony, for example, that the size of the office building would have to be reduced because of the lack of access thereto or that a new access road would not support the same amount of traffic as the old one (*cf., Matter of County of Rockland [Kohl Indus. Park Co.], supra*). Under these circumstances, the award of consequential damages was improper. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.