■ In the Matter of the Estate of Edward Haynes, Deceased, Respondent, v County of Monroe, Appellant. [718 NYS2d 532] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondent appeals from an order that was subsumed in a judgment awarding claimant $128,705 net in direct and consequential damages for the appropriation in

fee and for permanent and temporary easements of portions of property located on Victor Road in the Town of Perinton. In the exercise of our discretion, we treat the appeal as taken from the subsequent judgment (*see*, CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988).

The subject property consists of 104+ acres of land improved with a small frame house and outbuildings located on either side of the road. As part of a highway widening project, respondent acquired .762 acres of land in strips along the road, two permanent easements for the purpose of maintaining a culvert and three temporary easements for the removal and placement of fill. During the course of the project, respondent realigned the road, raised the grade and increased the banking to accommodate higher speeds. Following a trial on the issue of damages, Supreme Court awarded direct and consequential damages in accordance with claimant's appraisal.

Although respondent challenges the amount of direct damages awarded, that amount is less than the amount of direct damages found by respondent's appraiser, and thus respondent's challenge lacks merit. Respondent further contends that claimant is not entitled to any consequential damages. We conclude that, while the court properly awarded $11,000 in consequential damages for the reduced value of the house, it erred in awarding $114,400 in consequential damages based on its finding that the appropriation increased the cost of developing the property for its highest and best use.

The market value of the house was fixed by claimant's appraiser at $55,000. Although that value was determined without a market analysis, it is less than the market value found by respondent's appraiser with a market analysis. Claimant's appraiser expressed the opinion that the appropriation reduced the market value of the house by 20% or $11,000, because of the loss of landscaping, trees and setback from the road and because raising the grade of the road resulted in "direct headlighting" into the house. Contrary to respondent's contention, consequential damages may be awarded based on the opinion of a qualified expert (*see*, *City of Yonkers v State of New York*, 40 NY2d 408, 410-411; *Zappavigna v State of New York*, 186 AD2d 557, 560).

The award of the additional $114,400 in consequential damages hinges upon a finding that, prior to the taking, homes with driveways could have been built along Victor Road. Claimant, however, did little more than raise the hypothetical possibility of such development, and the record is devoid of evidence establishing a reasonable possibility that the Town of

Perinton would have permitted it. "A use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award" (*Matter of City of New York [Shorefront High School—Rudnick]*, 25 NY2d 146, 149, *mot to amend remittitur granted* 26 NY2d 748; *see, Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536, *rearg denied* 34 NY2d 916). We thus modify the judgment by reducing the award of damages to $14,305 net, thereby vacating the award of $114,400 in consequential damages.

We note that the court indicated that, had it not accepted claimant's appraisal, it would have awarded consequential damages for the amount of fill taken by respondent and used in the road construction. We agree with respondent that the court erred in so indicating. First, "consequential damages are measured by the difference between the 'before' and 'after' values, less the value of the land and improvements appropriated" (*Mil-Pine Plaza v State of New York*, 72 AD2d 460, 462). More importantly, "in the construction, reconstruction, maintenance and repair of the highway within the easement acquired, [respondent] has the right to take out and use the stone and other material within its right of way" (*Jones Cut Stone Co. v State of New York*, 7 Misc 2d 1048, 1051-1052; *see, Robert v Sadler*, 104 NY 229).

In view of our determination, we further modify the judgment by denying claimant's application for an additional allowance (*see,* EDPL 701) and thus vacating the award of $35,000 for counsel and expert fees. We conclude that the substantial expenses of claimant were incurred not "to achieve just and adequate compensation" (EDPL 701) but "to develop and present [his largely] unsuccessful claim for consequential damages" (*First Bank & Trust Co. v State of New York*, 184 AD2d 1034, 1035, *affd* 81 NY2d 392). (Appeal from Judgment of Supreme Court, Monroe County, Polito, J.—EDPL.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.