■ In the Matter of QUEENS WEST DEVELOPMENT CORPORATION. M.O. ASSOCIATES, L.P., Appellant; QUEENS

DEVELOPMENT CORPORATION, Respondent. [734 NYS2d 208] —In an eminent domain proceeding, the claimant, M.O. Associates, L.P., appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated May 22, 2001, which denied its motion, in effect, to declare that the subject property should be valued as residential property and granted the cross motion of Queens West Development Corporation, in effect, to declare that the claimant does not own certain air rights above the property.

Ordered that on the Court's own motion, the appellant's notice of appeal from a decision of the same court (Kassoff, J.), dated June 28, 2000, is deemed a premature notice of appeal from the order (see, CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The appellant, M.O. Associates, L.P., owned certain undeveloped properties in an area zoned for industrial use. As part of a redevelopment plan to convert the area to residential use, Queens West Development Corporation (hereinafter Queens West), a subsidiary of the New York State Urban Development Corporation, condemned the properties under its power of eminent domain. The appellant contends that in determining the value of the properties for purposes of compensating it for the taking, the properties should be valued not as industrial, pursuant to the applicable zoning ordinance, but as residential, in accordance with the redevelopment plan.

It is undisputed that the properties in question were within the scope of the redevelopment plan from its inception. To increase the size of its award, the appellant seeks to avail itself of the provisions in the redevelopment plan which overrode certain zoning ordinances. However, the zoning override is attributable to the redevelopment plan. It is well settled that a condemnee may not receive an enhanced value for its property where the enhancement is due to the property's inclusion within a redevelopment plan (see, United States v Miller, 317 US 369). Accordingly, the Supreme Court properly determined that the properties should be valued in accordance with the industrial zoning designation which would apply if the redevelopment plan did not exist.

Moreover, the Supreme Court also correctly found that, as to one of the parcels, the appellant was not entitled to compensation for the air rights more than 22 feet above ground level, since those air rights are owned by the City of New York, which had agreed to contribute them to Queens West as part of the redevelopment plan. A condemnee is only entitled to compensation for what it has lost, not for what the condemnor has gained

(*see, Matter of Port Auth. Trans-Hudson Corp. [Hudson Rapid Tubes Corp.],* 20 NY2d 457, *cert denied* 390 US 1002). Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.