■ Vassar College, Appellant, v State of New York, Respondent. (Claim No. 91201.) [741 NYS2d 918] —In a claim to recover damages for the appropriation of real property, the claimant appeals (1), as limited by its brief, from stated portions of an order of the Court of Claims (O'Rourke, J.), dated December 20, 2000, and (2), on the ground of inadequacy, from so much of a judgment of the same court, dated January 23, 2001, as, after a nonjury trial, is in favor and against the defendant as to property identified as "Parcel 2."

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the State of New York is awarded one bill of costs.

The appeal from the intermediate order dated December 20, 2000, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the claimant's contention, the Court of Claims properly credited the State's expert evidence that the highest

and best use of the appropriated parcel remained unchanged after the taking, and in utilizing the State's methodology for calculating the consequential damages (*see Bienenstock v State of New York,* 287 AD2d 587, 588; *Matter of City of Newburgh v Kirchner,* 234 AD2d 364; *Matter of Town of Islip v Sikora,* 220 AD2d 434; *Gold-Mark 35 Assoc. v State of New York,* 210 AD2d 377, 379). Ritter, J.P., Smith, Luciano and Crane, JJ., concur.