■ BROADWAY ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 103220.) [795 NYS2d 735]—

In a claim to recover damages for the appropriation of real property, the claimant appeals, on the ground of inadequacy, from a judgment of the Court of Claims (Ruderman, J.), dated December 31, 2003, which, upon a decision of the same court dated November 6, 2003, is in its favor and against the defendant in the principal sum of only $25,450.

Ordered that the judgment is affirmed, with costs.

The Court of Claims properly rejected the claimant's contention that the highest and best use of the property was for a high-density multi-family residential development. The determination of highest and best use must be based upon evidence of a use which could or would be made of the property in the near future (*see Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536 [1974]; *Matter of City of New York [Rudnick]*, 25 NY2d 146, 149 [1969]). The residential development proposed by the claimant was purely hypothetical, and based solely upon physical possibility, rather than economic feasibility. The Court of Claims correctly concluded that such evidence was insufficient to support a finding of highest and best use (*see Matter of City of New York [Broadway Cary Corp.], supra; Matter of Consolidated Edison Co. of N.Y. v Neptune Assoc.*, 190 AD2d 669, 670 [1993]). The State's appraiser provided the only other valid evidence of the best use to which the property could be put—for commercial development consistent with the uses permitted in the zoning district in which it lies. The evidence presented by the State's appraiser was properly adopted by the Court of Claims (*see Vassar Coll. v State of New York*, 294 AD2d 427 [2002]). Moreover, the Court of Claims properly adopted the method of valuation used by the State's appraiser inasmuch as three of the four comparable sales he considered had potential commercial uses similar to that of the subject property and all were situated along the Route 9 corridor (*see Marks v State of New York*, 152 AD2d 930 [1989]; *United Artists Theatre Circuit v State of New York*, 53 AD2d 784 [1976]). Finally, inasmuch as the State's appraiser testified, and the Court of Claims found, that the property's highest and best use, both before and after

the appropriation, was as a commercial development, and there was no evidence in the record that the appropriation reduced the potential commercial development of the property or that access was denied to the parcel as a result of the taking, the Court of Claims properly found that the claimant was not entitled to consequential, or severance, damages (*see J.W. Mays, Inc. v State of New York,* 300 AD2d 545, 547 [2002]; *Split Rock Partnership v State of New York,* 275 AD2d 450 [2000]). Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.