■ CHESTER INDUSTRIAL PARK ASSOCIATES, L.P., Appellant, v STATE OF NEW YORK, Respondent. [962 NYS2d 236]—

In a claim arising from an eminent domain proceeding, the claimant appeals from so much of an amended judgment of the Court of Claims (Mignano, J.), dated October 20, 2011, as upon a decision of the same court dated July 27, 2011, made after a nonjury trial determined that the claimant was entitled to damages only in the amount of $250,316 for the partial appropriation of its property denominated as section 117, block 1, lot 1.1.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The measure of damages in a case involving the partial taking of real property is the difference between the value of the entirety of the premises before the taking and the value of the remainder after the taking (*see Diocese of Buffalo v State of New York*, 24 NY2d 320, 323 [1969]; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988, 989 [2011]; *Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 514 [2009]). The measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking, whether or not the property was actually being put to such use at that time (*see Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 989; *Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d at 514).

Here, the trial court properly rejected the appraisal submitted by the claimant, since the additional evidence submitted by the claimant to support its appraisal did not establish that the property, which was subject to federal wetlands regulations, would not "be capable of producing a reasonable return or be adaptable to other suitable private use" (*Spears v Berle*, 48 NY2d 254, 263 [1979]; *see Chase Manhattan Bank v State of New York*, 103 AD2d 211, 219 [1984]). Having rejected the claimant's appraisal, the trial court was bound to either accept the State's appraisal or explain the basis for any departure (*see Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 989; *Zappavigna v State of New York*, 186 AD2d 557, 560 [1992]).

Here, the trial court properly accepted the State's appraisal. The State's appraiser sufficiently and credibly explained the basis for his selection of comparable properties and relevant adjustments made to the valuation of these properties (*see Chase Manhattan Bank v State of New York*, 103 AD2d at 222). Although the trial court made certain changes to the final results presented in the State's appraisal, it explained its basis for the changes. Thus, contrary to the claimant's contentions, the trial court's determination was within the range of expert testimony and adequately supported by the record (*see Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 989-990; *J.W. Mays, Inc. v State of New York*, 300 AD2d 545, 546-547 [2002]; *Matter of City of Yonkers v Celwyn Co.*, 221 AD2d 437, 438 [1995]). Rivera, J.P., Hall, Roman and Miller, JJ., concur.