■ BESSIE CLINKSCALE, Respondent, v GARY SAMPSON et al., Appellants. [960 NYS2d 506]—

In an action, inter alia, to recover damages for wrongful eviction, the defendants appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 30, 2012, which denied their motion, in effect, for leave to renew that branch of a prior motion of the defendants Susan Sampson and 1997 Marcy Avenue, Inc., which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against those defendants for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

This Court previously determined the issue raised on the instant appeal (*see Clinkscale v Sampson*, 74 AD3d 721 [2010]). The law of the case doctrine forecloses re-examination of that issue, absent a showing of subsequent evidence or a change in the law (*see Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817, 817 [2010], *cert denied* 562 US —, 131 S Ct 648 [2010]). On this motion, in effect, for leave to renew that branch of a prior motion of the defendants Susan Sampson and 1997 Marcy Avenue, Inc., which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against those defendants for lack of personal jurisdiction, the defendants failed to present any new evidence which would change the result, and did not demonstrate a change in the law. As we previously determined, their contentions are without merit (*see* CPLR 3211 [e]). Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.