■ DARYL SEALY, Respondent, v CLIFTON, LLC, et al., Appellants. [966 NYS2d 454]—

In an action, inter alia, to dissolve the defendant Clifton, LLC, and for an accounting, which was transferred from the Supreme Court, Kings County, to the Surrogate's Court, Kings County, to be heard in conjunction with a related turnover proceeding, the defendants appeal from so much of an order of the Surrogate's Court, Kings County (Cutrona, A.S.), dated June 13, 2011, as granted those branches of the plaintiff's motion which were, in effect, for summary judgment determining that the defendant Clifton, LLC, is dissolved, and on the third cause of action in the amended complaint for an accounting.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1997, the plaintiff and Charles Alston (hereinafter Alston), formed the defendant Clifton, LLC (hereinafter Clifton), a limited liability company, in which each individual held a 50% interest. In 1999, two condominium units in Brooklyn (hereinafter the properties) were purchased in the name of Clifton. After Alston passed away in December 2006, the plaintiff commenced an action for partition of the properties against Clifton and Gloria Alston, the administrator of the decedent's estate. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and the plaintiff cross-moved for leave to amend the complaint to add causes of action to wind up the affairs of Clifton and for an accounting. The Supreme Court granted the plaintiff's cross motion and the defendants appealed, arguing, among other things, that the plaintiff's proposed amended complaint was time-barred because Clifton was dissolved in 2000 when the plaintiff allegedly was "expelled from the company." In a decision and order dated December 8, 2009, this Court, among other things, rejected that contention by determining that "Clifton was not previously dissolved" (*Sealy v Clifton, LLC*, 68 AD3d 846, 848 [2009]). This Court explained that "[t]here is nothing in the record to indicate that the affairs of Clifton were wound up as required by Limited Liability Company Law § 701, that the articles of dissolution were filed with the Secretary of State as required by Limited Liability Company Law § 705, or that, if Clifton had been dissolved and Alston had elected to continue the business while he was still alive, Alston had served [the plaintiff] with notice of that election, as required by Clifton's operating agreement" (*id.*).

The action was subsequently transferred to the Surrogate's Court. Thereafter, the plaintiff moved, among other things, in

effect, for summary judgment determining that Clifton was dissolved by Alston's death, and on the third cause of action in the amended complaint for an accounting. In an order dated June 13, 2011, the Surrogate's Court, among other things, granted those branches of the plaintiff's motion.

The Surrogate's Court properly determined that Clifton was dissolved by Alston's death. Contrary to the defendants' contention, this Court's determination on the prior appeal rejecting the defendants' argument that the plaintiff's proposed amended complaint was time-barred because Clifton was dissolved in 2000 when the plaintiff allegedly was "expelled from the company" constituted the law of the case, which forecloses reexamination of that issue, absent a showing of newly discovered evidence or a change in the law (*see id.*; *Clinkscale v Sampson*, 104 AD3d 722 [2013]). The defendants failed to present any new evidence which would change that determination or evidence of a change in the law (*see Clinkscale v Sampson*, 104 AD3d 722 [2013]). Further, contrary to the defendants' contention, the subject motion was not premature, as "they failed to demonstrate how discovery may reveal or lead to relevant evidence or that 'facts essential to opposing the motion were exclusively within' [the plaintiff's] 'knowledge and control' " (*Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d 727, 728 [2012], quoting *Espada v City of New York*, 74 AD3d 1276, 1277 [2010]; *see* CPLR 3212 [f]). The defendants' remaining contentions are either without merit or not properly before this Court. Accordingly, the order dated June 13, 2011, must be affirmed insofar as appealed from. Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.