◼ In the Matter of VILLAGE OF HAVERSTRAW, Appellant-Respondent. AAA ELECTRICIANS, INC., Respondent-Appellant. [981 NYS2d 436]—

In a condemnation proceeding, the condemnor, Village of Haverstraw, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (La Cava, J.), entered May 9, 2012, as, upon a decision of the same court entered December 16, 2011, made after a nonjury trial, awarded the condemnee the principal sum of $6,500,000 as just compensation for the taking of the condemnee's real property, and the condemnee, AAA Electricians, Inc., cross-appeals, as limited by its brief, from so much of the same judgment on the ground of inadequacy.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In a case involving the taking of property, "[t]he measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time" (*Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d 804, 805 [2010]; *see Matter of Rochester Urban Renewal Agency [Patchen Post]*, 45 NY2d 1, 8 [1978]; *Matter of County of Suffolk [Firester]*, 37 NY2d 649, 652 [1975]; *Chester Indus. Park Assoc., L.P. v State of New York*, 103 AD3d 827 [2013]; *Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d 787, 789-790 [2013]; *New York Cent. Lines, LLC v State of New York*, 101 AD3d 966, 967 [2012]; *Matter of Village of Dobbs Ferry v Stanley Ave. Props., Inc.*, 95 AD3d 1027, 1029 [2012]; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988, 989 [2011]). Where an increment is added to the value of vacant land to reflect its development potential, "the specific increment which is selected and applied must be based on sufficient evidence and be satisfactorily explained" (*Matter of County of Suffolk [Firester]*, 37 NY2d at 653; *see Matter of Breitenstein v State of New York*, 245 AD2d 837, 839-840 [1997]). Moreover "[i]t is necessary to show that there is a reasonable possibility that the property's highest and best asserted use could or would have been made within the reasonably near future, and a use which is no more than a speculative or hypothetical arrangement may not be accepted as the basis for an award" (*Matter of Village of Dobbs Ferry v Stanley Ave. Props., Inc.*, 95 AD3d at 1029; *see Matter of Metropolitan Transp. Auth.*, 86 AD3d 314, 320 [2011]; *see also Broadway Assoc. v State of New York*, 18 AD3d 687, 688 [2005]; *Matter of Estate of Haynes v County of Monroe*, 278 AD2d 823, 824 [2000]).

"[A] condemnee may not receive an enhanced value for its property where the enhancement is due to the property's inclusion within a redevelopment plan" (*Matter of Queens W. Dev. Corp.*, 289 AD3d 335, 336 [2001]; *see Matter of Village of Port Chester [Bologna]*, 95 AD3d 895, 897 [2012]). Thus, for example, property zoned for industrial use "should be valued in accordance with the industrial zoning designation which would apply if the redevelopment plan did not exist," for "[a] condemnee is only entitled to compensation for what it has lost, not for what the condemnor has gained" (*Matter of Queens W. Dev. Corp.*, 289 AD2d at 336).

Here, the Supreme Court properly accepted the conclusion of

the condemnee's appraiser that the property's highest and best use was for multi-family residential development. The condemnee's appraiser sufficiently and credibly explained the basis for his selection of comparable properties and relevant adjustments made to the valuation of these properties. In contrast, the condemnor, the Village of Haverstraw, did not demonstrate that, absent the urban redevelopment plan, which encompassed the subject property, the property would have been suitable only for light industrial development (*see Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 989; *cf. Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536 [1974]; *Broadway Assoc. v State of New York*, 18 AD3d at 688). Contrary to the Village's contention, the court's decision does not indicate that it improperly incorporated the enhancement to the subject property's value which resulted from the village's urban redevelopment project (*see Matter of Village of Port Chester [Bologna]*, 95 AD3d at 897; *Matter of Queens W. Dev. Corp.*, 289 AD2d at 336).

Although the Supreme Court made certain changes to the final results presented in the condemnee's appraisal, it adequately explained its reasons for making those changes. Thus, the court's determination was within the range of expert testimony and adequately supported by the record (*see Chester Indus. Park Assoc., L.P. v State of New York*, 103 AD3d at 828; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 989; *Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d at 805-806; *Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d 963, 964 [2007]; *Rockland Dev. Assoc. v State of New York*, 15 AD3d 381, 381-382 [2005]).

Contrary to the condemnee's contention, the Supreme Court did not err in valuing the subject property on a per-acre basis rather than on the basis of how many units could be developed thereon (*see Matter of County of Suffolk [Firester]*, 37 NY2d at 653; *Matter of Breitenstein v State of New York*, 245 AD2d at 839-840).

The parties' remaining contentions need not be reached in light of our determination, or are without merit. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.