In an action to recover damages for personal injuries, etc., the defendant, Bond Street Levy, LLC, appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 25, 2012, which granted the plaintiffs’ motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is affirmed, with costs.
On December 26, 2007, the plaintiff Peter Robinson (hereinafter the injured plaintiff) was working as a laborer for Virginia Construction & Management, Inc., at a building located on Broadway in Manhattan (hereinafter the subject property). While he was standing near the top of a 10-foot A-frame ladder and removing duct work from the ceiling, a 10-foot long piece of metal duct work struck him in the back, knocking both him and the ladder to the ground. In January 2008, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, Bond Street Levy, LLC, the owner of the subject property. The plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and the Supreme Court granted the motion.
“Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites” (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]). To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, *929 1 NY3d 280, 287-289 [2003]). In a case such as this, involving a fall from a ladder, this showing may be made by demonstrating that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiffs injuries (see Singh v City of New York, 113 AD3d 605 [2014]).
Here, the Supreme Court properly granted the plaintiffs’ motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The plaintiffs established the absence of adequate safety devices to protect the injured plaintiff from falling (see Perez v NYC Partnership Hous. Dev. Fund Co., Inc., 55 AD3d 419 [2008]; Hernandez v Bethel United Methodist Church of N.Y., 49 AD3d 251 [2008]; Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173 [2004]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289 [2002]) and that such violation of Labor Law § 240 (1) was a proximate cause of his injuries (see Poracki v St. Mary’s R.C. Church, 82 AD3d 1192, 1194 [2011]). In opposition, the defendant failed to raise a triable issue of fact as to whether the injured plaintiffs actions were the sole proximate cause of the accident (see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962 [2012]; Leconte v 80 E. End Owners Corp., 80 AD3d 669 [2011]; Sniadecki v Westfield Cent. School Dist., 272 AD2d 955 [2000]).
Contrary to the defendant’s contention, the plaintiffs’ motion was not premature. The defendant failed to demonstrate how further discovery may reveal or lead to relevant evidence or that facts essential to oppose the motion were exclusively within the knowledge or control of the plaintiffs (see Sealy v Clifton, LLC, 106 AD3d 981, 983 [2013]; Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728 [2012]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (see Cajas-Romero v Ward, 106 AD3d 850 [2013]; Buchinger v Jazz Leasing Corp., 95 AD3d 1053 [2012]; Seawright v Port Auth. of N.Y. & N.J., 90 AD3d 1017 [2011]).
Eng, EJ., Dillon, Maltese and Duffy, JJ., concur.