In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 8, 2012, as denied that branch of its motion which was for summary judgment on the first amended *771 complaint in the principal amount of $6,700,000, and granted the defendants’ cross motion for summary judgment dismissing the first amended complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
On January 13, 2000, the defendant Long Island Power Authority (hereinafter LIPA) entered into an agreement with the County of Nassau (hereinafter the Nassau Agreement), pursuant to which LIPA agreed to provide electric utility ratepayers in Nassau County and the Rockaways section of Queens County with certain rebates, and to provide the County of Nassau with a grant from LIPA’s clean energy fund. The County of Suffolk was not a party to the Nassau Agreement. The County of Suffolk subsequently commenced this action, contending that LIPA had violated the terms of a separate agreement to which it was a party by using certain investment earnings to partially fund the rebates required by the Nassau Agreement.
In an order dated June 3, 2010, the Supreme Court determined, among other things, that LIPA’s allocation of the investment earnings to partially fund the rebates did not violate the separate agreement to which the County of Suffolk was a party (see County of Suffolk v Long Is. Power Auth., 38 Misc 3d 1232[A], 2010 NY Slip Op 52466[U], *5-6 [Sup Ct, Suffolk County 2010]). The Supreme Court further held that the Nassau Agreement was unrelated to that separate agreement, and that the County of Suffolk lacked standing to challenge the Nassau Agreement (see id. at *8). The Supreme Court also determined that any challenge to the Nassau Agreement was time-barred (see id. at *8). The Supreme Court’s order was affirmed insofar as appealed from by this Court (see County of Suffolk v Long Is. Power Auth., 100 AD3d 944 [2012]).
The County of Suffolk subsequently moved, inter alia, for summary judgment on the first amended complaint in the amount of $6.7 million, representing that portion of the subject rebates to ratepayers in Nassau County and the Rockaways that were paid out of LIPA’s cash reserves. In the order appealed from, the Supreme Court denied that branch of the County of Suffolk’s motion on the grounds that the County of Suffolk lacked standing, and that its cause of action was time-barred. The Supreme Court further reasoned that the relief sought by the County of Suffolk was a disguised attempt to attack both the Nassau Agreement and the rebates provided to ratepayers in Nassau County and the Rockaways pursuant to the Nassau Agreement.
Contrary to the County of Suffolk’s contention, the Supreme *772 Court properly denied that branch of its motion which was for summary judgment on the first amended complaint in the amount of $6.7 million. As the Supreme Court correctly determined, the County of Suffolk’s motion amounts to an improper second challenge to the Nassau Agreement under the guise of an alternative theory of recovery, the County of Suffolk lacks standing to raise that challenge, and the challenge is otherwise time-barred. Our affirmance of the order dated June 3, 2010, in connection with the prior appeal in this matter bars the County of Suffolk from relitigating these issues (see Sealy v Clifton, LLC, 106 AD3d 981 [2013]).
The remaining contentions of the County of Suffolk are either without merit or not properly before this Court.
Dickerson, J.E, Leventhal, Hall and Lott, JJ., concur.