▮ New York Central Lines, LLC, *Respondent-Appellant,* v State of New York, *Appellant-Respondent.* [35 NYS3d 713]—

In a claim to recover damages arising from, inter alia, a partial taking of certain real property, the State of New York appeals, as limited by its brief, on the ground of excessiveness, from so much of an amended judgment of the Court of Claims (Marin, J.), dated May 9, 2014, as, upon remittitur from this Court by decision and order dated December 19, 2012 (*see New York Cent. Lines, LLC v State of New York*, 101 AD3d 966 [2012]), and upon a decision of the same court dated August 27, 2013, made after a trial, in effect, awarded the claimant the principal sum of $15,942,128 in damages for the permanent takings in fee and by easement, and the claimant cross-appeals, as limited by its brief, on the ground of inadequacy, from so much of the same amended judgment as awarded it only that sum.

Ordered that the appeal is dismissed as academic in light of our determination on the cross appeal; and it is further,

Ordered that the amended judgment is reversed on the cross appeal, on the law and the facts, and the matter is remitted to the Court of Claims for the application of a 2.5 corridor factor to the "across-the-fence" value of the subject property taken in fee and by easement, and for the entry of an appropriate second amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the claimant.

In January 2000, the State of New York appropriated, partially in fee and partially through easements, several parcels of the claimant's property. The appropriated property, which was part of a railroad corridor owned by the claimant located in Queens, was appropriated for the purpose of expanding the Brooklyn-Queens Expressway (hereinafter the BQE). In June 2000, the claimant filed a claim in the Court of Claims to recover damages for the taking of the appropriated property.

At a trial, the claimant and the State each presented the testimony of experts with regard to valuation of the appropriated property. The experts agreed that the highest and best use of the appropriated property was as a rail corridor. They disagreed, however, as to the method of valuation. The claimant's expert valued the appropriated property pursuant to a specific comparable sales approach referred to as the corridor valuation method, which is a two-step process. First, the "across-the-fence" value (hereinafter the ATF value) of the land is determined based on, among other things, the location of the corridor and market conditions. The ATF value is then

multiplied by a "corridor factor" to determine the final value of the corridor. In contrast, the State's expert maintained that the proper valuation method was a cost approach.

The Court of Claims accepted the claimant's expert's comparable sales approach for valuing railroad corridors. However, the court elected not to apply any corridor factor in its determination of the value of the appropriated property. Both parties appealed. On appeal, this Court concluded that the Court of Claims properly accepted the claimant's comparable sales approach, but that its determination not to apply any corridor factor was not supported by the evidence nor adequately explained. As a result, this Court remitted the matter to the Court of Claims for a determination of the appropriate corridor factor to apply to the ATF value of the appropriated property, and for the entry thereafter of an amended judgment which included the application of that corridor factor (*see New York Cent. Lines, LLC v State of New York*, 101 AD3d 966 [2012]).

On remittitur, the Court of Claims concluded that the approach the claimant's expert used to arrive at a corridor factor of 2.5 was not sufficiently supported by the evidence, and determined that the appropriate corridor factor was 1.29. In its amended judgment, the court awarded damages to the claimant in the principal sum of $15,942,128 by applying a corridor factor of 1.29 to the ATF value. The State appeals, on the ground of excessiveness, and the claimant cross-appeals, on the ground of inadequacy, from the amended judgment.

The State argues that the Court of Claims should have rejected the valuation approach of the claimant's expert, and accepted that of the State's expert. It also argues that the court should not have applied any corridor factor. However, as stated above, on the prior appeal this Court determined that the Court of Claims properly accepted the claimant's expert's valuation approach, and properly rejected the State's expert's valuation approach. This Court further concluded that the Court of Claims should have applied a corridor factor, and remitted this matter for a determination as to the appropriate corridor factor to be applied to the ATF value as estimated by the claimant's expert (*see New York Cent. Lines, LLC v State*, 101 AD3d at 967-968). The law of the case doctrine forecloses re-examination of issues decided on a prior appeal in the same action, absent a showing of new evidence or a change in the law (*see Clinkscale v Sampson*, 104 AD3d 722, 723 [2013]; *Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817, 817 [2010]). Here, the State had a full and fair opportunity at trial and on the prior appeal to challenge the applicability of a corridor factor and the proper

method for valuing the appropriated property. The State has neither presented any new evidence that would change the determination in the prior appeal nor demonstrated that there has been a subsequent change in the law. Under these circumstances, the State is barred from raising the same arguments again on this appeal.

Once the Court of Claims rejected the State's appraisal, it was required to either accept the claimant's appraisal or explain the basis for any departure (*see Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988, 989 [2011]; *Matter of City of New York v Estate of Levine*, 196 AD2d 654, 655 [1993]). On remittitur from this Court, the Court of Claims improperly disregarded the claimant's expert's determination that the appropriate corridor factor was 2.5. The claimant's expert sufficiently explained his quantitative and qualitative analyses of the comparable corridor sales and their respective corridor factors, including the specific percentage adjustments to the corridor factors of the comparable corridor sales to reflect corridor type, length, and purchase type, upon which he based his determination of a 2.5 corridor factor for the appropriated property (*see Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 989-990; *Matter of County of Dutchess [285 Mill St.]*, 186 AD2d 891, 892 [1992]). Moreover, the Court of Claims' explanation for its departure from the claimant's expert's determination and its independent determination that the appropriate corridor factor was 1.29 was insufficient and not supported by the evidence (*see Matter of County of Suffolk v Kalimnios*, 275 AD2d 455, 457 [2000]; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.]*, 160 AD2d 705, 705 [1990]). Accordingly, since the Court of Claims should have accepted the claimant's expert's determination of a 2.5 corridor factor, we remit the matter to the Court of Claims to apply a 2.5 corridor factor to the ATF value of the appropriated property, and for the entry of an appropriate second amended judgment thereafter. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.