Schulman Family Enters. v Schulman (2018 NY Slip Op 08705)





Schulman Family Enters. v Schulman


2018 NY Slip Op 08705


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-02108
 (Index No. 33624/08)

[*1]Schulman Family Enterprises, et al., respondents,
v
David B. Schulman, et al., appellants.


Wickman, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellants.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Stephen R. Angel, Anthony C. Pasca, and Amanda Star Frazer of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a partnership agreement and to set aside certain conveyances of real property, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), entered January 13, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated July 31, 2014, made after a nonjury trial, (1) is in favor of the plaintiffs and against the defendants on the third, fourth, and fifth causes of action in the amended complaint, (2) declared a deed to certain real property made by the defendant David B. Schulman, as grantor, in favor of the defendant BSS Real Estate, L.P., to be null and void, and directed that title to that real property revert to the plaintiff Schulman Family Enterprises, and (3) declared that the one-half ownership interest of the defendant David B. Schulman in certain other real property instead belongs to the plaintiff Schulman Family Enterprises.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against the defendants asserting, inter alia, causes of action sounding in breach of a partnership agreement and breach of fiduciary duty. The plaintiffs alleged that the defendant David B. Schulman conveyed certain real property that was owned by the plaintiff Schulman Family Enterprises (hereinafter SFE), a real estate partnership of which David and his siblings, the plaintiffs Lee G. Schulman and Julie Slann, were partners, to the defendant BSS Real Estate, L.P. (hereinafter BSS), an entity David created for the benefit of his own children. The subject real property had previously been deeded by SFE to David in 1994, and David's conveyance of said property to BSS occurred in 2005. The plaintiffs contended, inter alia, that David lacked authority to convey the subject property to BSS and that SFE still owned it, as David only obtained title to the subject property as a nominee, and none of the SFE partners knew about or consented to the conveyance as required by the terms of the partnership agreement. The defendants, however, contended, inter alia, that the 1994 conveyance was absolute and, therefore, David was entitled to convey the subject property to BSS and sell it for the benefit of his children. Following a nonjury trial, the Supreme Court determined that David held the subject property only as a nominee, and that his conveyance of the subject property violated the SFE partnership agreement and his fiduciary duties to SFE's other partners. Judgment was thereafter entered in favor of the plaintiffs on their causes of action sounding in breach of contract, breach of the partnership [*2]agreement, and breach of fiduciary duty, and the subject property was ultimately directed to be returned to SFE. The defendants appeal.
The defendants contend that the causes of action sounding in breach of the partnership agreement and breach of fiduciary duty were barred by the statute of limitations and/or the statute of frauds. However, these contentions were previously determined adversely to the defendants in a prior appeal in this action (see Schulman Family Enters. v Schulman, 104 AD3d 934), and therefore, the defendants are foreclosed under the law of the case doctrine from relitigating these issues on the present appeal (see New York Cent. Lines, LLC v State of New York, 141 AD3d 703, 705; Clinkscale v Sampson, 104 AD3d 722, 723; Wells Fargo Bank Minn., N.A. v Perez, 70 AD3d 817).
On an appeal from a judgment rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration in a close case the fact that the trial court had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Jones v State of New York, 124 AD3d 599, 600; DePaula v State of New York, 82 AD3d 827). Upon our review of the record here, we find that the challenged portions of the judgment are supported by the record. Accordingly, the judgment is warranted by the facts, and we discern no basis to disturb it.
The defendants' remaining contentions are without merit.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court