West Gates CIP, LLC v State of New York (2022 NY Slip Op 00597)





West Gates CIP, LLC v State of New York


2022 NY Slip Op 00597


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1114 CA 21-00560

[*1]WEST GATES CIP, LLC, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 130902.) 






BIERSDORF & ASSOCIATES, P.A., NEW YORK CITY (RYAN R. SIMATIC OF COUNSEL), FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Court of Claims (Debra A. Martin, J.), entered October 15, 2020. The judgment awarded claimant money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking direct and indirect damages for defendant's appropriation by condemnation of a portion of claimant's commercial property. Following a trial, the Court of Claims awarded claimant $109,800, plus interest, with no award for indirect damages. We affirm.
Contrary to claimant's contention, the court correctly applied claimant's burden of proof and determined that claimant failed to satisfy its burden of establishing indirect damages. Where, as here, a claimant contends that the highest and best use of the property is something other than its current or existing use, it must be shown "that there is a reasonable probability that its asserted use could or would have been made within the reasonably near future" (Matter of City of New York [Broadway Cary Corp.], 34 NY2d 535, 536 [1974], rearg denied 34 NY2d 916 [1974]; see Tehan's Catalog Showrooms, Inc. v State of New York [appeal No. 2], 118 AD3d 1497, 1498 [4th Dept 2014], lv denied 24 NY3d 913 [2015]; Kupiec v State of New York, 45 AD3d 1416, 1417 [4th Dept 2007]). It is claimant's burden to make that showing (see DiGiacomo v State of New York, 182 AD3d 977, 979 [3d Dept 2020]; Rodman v State of New York, 109 AD2d 737, 737 [2d Dept 1985]) by a preponderance of the evidence (see Sixth Ave. R.R. Co. v Metropolitan El. Ry. Co., 138 NY 548, 553 [1893]). The claimant must establish that the use is economically, legally, and physically feasible as well as maximally profitable (see DiGiacomo, 182 AD3d at 979; Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [4th Dept 2005]). A speculative or hypothetical use is insufficient (see Broadway Cary Corp., 34 NY2d at 536; Matter of Village of Haverstraw [AAA Electricians, Inc.], 114 AD3d 955, 956 [2d Dept 2014], lv denied 24 NY3d 906 [2014]; City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d at 170-171).
Here, claimant failed to meet its burden of establishing that the highest and best use of the condemned property was for the construction of an "end cap" unit adjacent to a supermarket. Claimant submitted no proof that construction of an end cap was a reasonable probability within the reasonably near future (see Broadway Cary Corp., 34 NY2d at 536). Indeed, among other things, claimant failed to establish that construction was physically or legally feasible inasmuch as it would require moving a sewer line, and claimant made no showing that municipal approval for that move was reasonably probable (see Matter of City of New York [Rudnick], 25 NY2d 146, 149-150 [1969]; Rodman, 109 AD2d at 737-738) or that moving the line was financially feasible (see Broadway Assoc. v State of New York, 18 AD3d 687, 688 [2d Dept 2005], lv denied 5 NY3d [*2]710 [2005]). Thus, we decline to disturb the court's award, which was based upon the expert evidence offered by defendant, i.e., the party prevailing on the use question, without adjustments (see Matter of City of New York [Eman Realty Corp.], 197 AD3d 705, 708 [2d Dept 2021]; Crosby v State of New York, 54 AD2d 1064, 1065 [4th Dept 1976]).
We have reviewed claimant's remaining contentions and conclude that they are without merit.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court